## Case No. 1,340.

### BERGEN v. WILLIAMS.

[4 McLean, 125.][1]

Circuit Court, D. Michigan. June Term, 1846.

INDEMNITY —JUDGMENT ON BOND — CONCLUSIVENESS—SET-OFF BY SURETY—PLEAS.

1. A judgment being entered, on the penalty of a bond, to save harmless the creditors of a certain firm, by paying the amount due, or to become due, may be enforced by sci. fa. on the judgment, to show cause why execution should not issue, etc.

2. A judgment against the late firm is conclusive as to the amount due.

[See Drummond v. Prestman, 12 Wheat. (25 U. S.) 515.]

3. A set off of notes subsequently acquired by the surety in the bond, can not be pleaded as an offset against the creditors' demand.

[See Wright v. Rogers, Case No. 18,090.]

4. Nor is a plea of nil debet admissible after the creditors have obtained judgment against the late firm. The condition of the bond was, that the obligors should pay the creditors, and not one of the late firm.

[See Corser v. Craig. Case No. 3,255; Armstrong v. Carson, Id. 543.]

5. Under the plea of nul tiel record, the judgment only is put in issue.

[Cited in Glenn v. McAllister's Ex'rs, 46 Fed. 885. See, also, Armstrong v. Carson, Case No. 543; Jacquette v. Hugunon, Id. 7,169.]

[At law. Scire facias by James M. Bergen against G. D. Williams on judgment for breach of the conditions of a bond. Defendant pleads nil debet and nul tiel record. Plaintiff demurs to both pleas. Demurrers sustained.

Messrs. Fraser and Davidson, for plaintiff. Mr. Douglass, for defendant.

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

OPINION OF THE COURT. This is a proceeding by scire facias, to obtain execution for further breaches in debt on a bond.

At June term, 1841, a judgment was entered in favor of Bergen, against Williams, for twenty thousand dollars, and an award of execution for $977 14, the amount ascertained to be equitably due to Bergen when the judgment was rendered. The judgment was entered for the penalty of the bond, which was given on the 9th of August, 1830, jointly, by Williams and William Stevens, "conditioned that Stevens should pay, discharge, and liquidate, all the debts, engagements and liabilities, of every kind, and all the demands, of whatsoever nature, contracted by the firm of Bergen and Stevens, then due or thereafter to become due, against the said firm, without recourse to the plaintiff, and should well and truly save harmless and keep indemnified the said Bergen and his representatives therefrom," etc.

In the sci. fa. it is averred that at the time the bond was executed, the co-partnership of Bergen and Stevens was indebted to ——, in ——, a certain sum, on which suit was instituted and judgment recovered, stating the amount of the judgment for ——, which remains in full force, etc. The defendant pleads a set-off, that at the time of suing out the scire facias, the plaintiff was indebted to him in the amount of certain promissory notes, made by the plaintiff, payable to different individuals, by whom they were indorsed to defendant. The defendant also pleaded that the partnership of Bergen and Stevens was not, at the time the penal bond was executed, indebted in the said sums demanded by the plaintiff, etc. Both of these pleas were demurred to, and joinder.

The demurrer raises the question whether, on a sci. fa. to obtain execution for further breaches of the condition of a bond, judgment having been entered for the penalty, the defendant can set off a demand against the plaintiff. In answer to the objection that the sci. fa. is an action upon the judgment, and that in an action upon a judgment, no defense can be set up which might have been pleaded to the original action. Also, that the notes set forth in the plea and notice of set-off having matured since the judgment for the penalty, the defendant is prevented from using them as a set-off by the statute, "which provides that no demand shall be set off unless it existed at the time of the commencement of the suit." Rev. St. p. 447, § 4. The defendant's counsel contends that the sci. fa. for further breaches, is to all intents and purposes, and within the meaning of the statute above cited, an original action. Whether this procedure for the purposes of set off, may be considered as an original action under the statute, is not necessarily a question in this case. There is a question behind that, which is decisive of the plea or notice.

As stated in the scire facias, this proceeding is had at the instance of certain judgment creditors of the firm of Bergen and Stevens. The name of Bergen is used as a trustee; but the suit is for the benefit of the above creditors. The condition of the bond is, that the defendant shall pay those creditors, so as to save harmless the said Bergen, not only from the debt, but from all costs and charges. An attempt, then, to plead offset against Bergen, arising on promissory notes acquired since the original judgment, is in direct conflict with the condition of the bond. The condition is, to pay the creditors, and not Bergen; and the creditors prosecute this suit for their benefit. This interest of the creditors, arising under the original judgment, would be recognized and enforced, if necessary, by a court of chancery. And a court of law will also protect and enforce their rights, in the name of Bergen. The issue is between the creditors and the defendant, and as they have reduced their claims to judgment, an offset against them could not be allowed, at least so far as Stevens is concerned, with whom the defendant Williams is jointly liable. It need not now be said, whether Williams, being a stranger to the judgment in favor of the creditors, might not be allowed to set up a defense, which would not be proper for Stevens, who was a party to the judgment, because no such question is raised. Under the plea of nul tiel record, the record of the judgment only can be examined. If the defendant had notice, and judgment for the amount stated was rendered, no other question can be considered under that plea.

The plea that the co-partnership of Bergen and Stevens did not owe at the time the bond was executed, is subject to two objections: 1. The bond obligated the defendant, jointly with Stevens, not only to pay the debts of the firm, then due, but also those that should thereafter become due. 2. Nil debet cannot be pleaded to a judgment. The judgment closes the controversy, and it is indisputable, so long as it remains in force.

The demurrers to both pleas are sustained. On motion and affidavit of defendant, the order for execution was set aside, and leave to plead, granted.

[For subsequent scire facias proceeding on same judgment, see Berger v. Williams, Case No. 1,341.]