In the opinion of his Honor below we concur. The judgment of a justice is not a matter of record, but to many purposes it has the qualities of one. It determines, between the parties, their respective rights in the matter of controversy. Neither party (423) can, in a subsequent proceeding to enforce it, deny or contest the matter of fact ascertained by it. In an action of debt upon it, as this is, its validity cannot, in pleading, be impeached or affected by any supposed defect or illegality in the transaction on which it is founded; and, consequently, it is not necessary to state the circumstances or consideration on which it is founded. 1 Chit. Pl., 354. It is well settled that, in pleading to a scire facias to revive a judgment or to an action of debt upon it, no matter of defense can be pleaded which existed anterior to the recovery of the judgment. E East., 258; 4 East., 311. The infancy of the defendant Adeline at the time the first or original judgment was obtained might have been a good defense. She either did make it on that trial or she did not. If she did, it is then res adjudicata, and she is concluded by it, as the judgment is in full force. If she did not, then she is, by the principle before stated, excluded from making it now. That judgment not only ascertained the amount due to the plaintiff, but that she was in law bound to pay it. But an effectual answer in this case is that the plea of infancy was not tendered by the defendants. When she married the other defendant, Solomon Fair, it was an existing debt of hers, and in this action the plaintiff has a clear right to recover it.
PER CURIAM. No error.
Cited: Spillman v. Williams, 91 N.C. 489.
(424)