## Supplee et al. to use of Born *v.* Halfmann, Appellant.

*Promissory note—Sci. fa. to revive—Fraud—Affidavit of defence.*

On a scire facias to revive a judgment, an affidavit of defence is insufficient which avers that the promissory note upon which judgment had been obtained had been given to the use plaintiff, for a particular purpose, nearly twenty years before the scire facias issued.  That the use plaintiff had fraudulently negotiated the note, and diverted it from the purpose for which it was intended, and that the legal plaintiffs, against whom defendant could not set up the fraudulent use of the note as a defence, had, a few months prior to the issuance of the scire facias, marked the judgment to the use of the original payee who had defrauded defendant.

Argued March 22, 1894.    Appeal, No. 213, Jan. T., 1894, by defendant, Whilldin D. Halfmann, from order of C. P. No. 1, Phila. Co., Dec. T., 1873, No. 981, making absolute rule for judgment for want of sufficient affidavit of defence in favor of John Wesley Supplee et al. to use of John Born.    Before STERRETT, C. J., GREEN, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Rule for judgment for want of sufficient affidavit of defence in sci. fa. to revive judgment, issued Sept. 26, 1893.

The affidavit of defence was as follows :

" Prior to Nov. 29, 1873, defendant had purchased from John W. Garrett a house and lot, No. 1617 Oxford street, Phila. The negotiation for the purchase of said house was transacted through John Born, who acted as agent in the matter for the seller.    The deed for said premises was made to defendant prior to the completion of said house, and, under the terms of the contract of purchase, defendant paid for said property from time to time as the work on the building progressed.

" Upon the date when the note in suit was executed, the said John Born informed defendant that the sum of $800 was required to be immediately paid to the mechanics working upon and furnishing material to the said property.    The said John Born stated to defendant that if it was not convenient for him to pay the cash immediately, he, the said John Born, could use a note for the purpose of paying said mechanics and protecting the property from liens.    Thereupon defendant executed a prom-

issory note upon which the suit in the above entitled case was brought, which said note, defendant is informed, verily believes and expects to be able to prove upon the trial of this cause, was drawn to the order of the said John Born. The said John Born failed to apply said note for the purposes agreed to, and upon the faith of which defendant delivered the same to him, and in fraud of his rights and without the knowledge of the said defendant, delivered said note to John Wesley Supplee and William H. Lukens, trading as J. W. Supplee & Co., legal plaintiffs in this suit, prior to the maturity thereof, for a valuable consideration, by reason whereof defendant was barred from presenting a legal defence thereto or setting up the fraudulent conduct of the said John Born. Suit was entered by the said J. W. Supplee & Co. against defendant upon said note. Defendant consulted counsel and was advised that in the hands of said J. W. Supplee & Co. a defence to said note by reason of the conduct of the said John Born was not available. Judgment was entered thereupon, for want of an affidavit of defence, against defendant, Dec. 20, 1873.

" Defendant had no business transactions of any character whatever with the said firm of J. W. Supplee & Co., and was not indebted to them.

" On March 1, 1893, said judgment by order of plaintiffs was marked to the use of said John Born, who is now the legal holder and use plaintiff thereof. Defendant avers that there is nothing due by him to the said John Born by reason of said note, the judgment thereon, or upon any account whatsoever; that said note upon which judgment was entered was placed in circulation by him in fraud of the rights of defendant, and that said judgment should not be revived in favor of the said John Born.

" Deponent is compelled to state the payee's name, to the best of his knowledge and belief, because said note, as well as the declaration thereon, has been removed from the record of your honorable court by persons to this deponent unknown."

Rule for judgment absolute. Defendant appealed.

*Error assigned* was above order.

*J. Willis Martin, John Houston Merrill* with him, for appel-

ant, cited: Hartzell v. Reiss, 1 Bin. 289; Bown v. Morange, 108 Pa. 69; McCarty v. Springer, 3 P. & W. 157; Seymour v. Hubert, 92 Pa. 499; Thompson v. Hurley, 19 Iowa, 331; Downey v. Forrester, 35 Md. 117; Bergen v. Williams, 4 Mc-Lean, 125; Garrison v. Aultman, 20 Neb. 311; Hartman v. Alden, 34 N. J. L. 518; Barnet v. Offerman, 7 Watts, 130; Conmey v. Macfarlane, 97 Pa. 361.

*William H. Peace*, for appellees, not heard, cited: Bishop v. Goodhart, 135 Pa. 374 ; Cardesa v. Humes, 5 S. & R. 66; Huff-smith v. Levering, 3 Whart. 110 ; Davidson v. Thornton, 7 Pa. 128.

PER CURIAM, April 2, 1894 :

In this scire facias to revive the judgment, entered December 20, 1873, for want of an affidavit of defence, the defendant interposes, by way of defence, matters which arose, as he alleges, out of the fraudulent negotiation of the note on which said judgment was entered, and prior to the commencement of suit in that case.   He admits that he had no defence to said note in the hands of the legal plaintiffs, J. W. Supplee & Co., but claims he had a good defence as against the person to whose use said judgment appears to have been marked on May 1, 1893, and should now be permitted to interpose said defence.

In any view that can reasonably be taken of the affidavit, the court below was right in holding that it is insufficient.   The alleged defence, if any ever existed, arose more than twenty years ago, and before the original action was brought.   It is conceded that the judgment, when entered, was perfectly good and valid, and, for aught that appears, no defence thereto has arisen since.

Judgment affirmed.