DANIEL C. STOVER, PLAINTIFF AND APPELLEE, V. WILLIAM L. STARK, DEFENDANT AND APPELLANT.

FILED FEBRUARY 20, 1901. No. 11,675.

1. **Dormant Judgment: REVIVOR: RES ADJUDICATA.** In a proceeding to revive a dormant judgment the defendant and judgment debtor must be held to have litigated in the action wherein the judgment was obtained every matter necessary to support any defense he then possessed against the demand of the plaintiff for a judgment against him.

2. ——: ——: ——: VALIDITY. In such proceeding no objection can be urged or inquired into which goes behind the original judgment not directed to its validity.

3. **Plaintiff in Foreclosure: PURCHASE AT SALE: RESALE: DEFICIENCY JUDGMENT.** A plaintiff in foreclosure proceedings may lawfully purchase the property sold to satisfy a decree in his favor. The fact that he afterwards sells the property for a sum equal to the amount of the decree and costs can not affect his rights with respect to a deficiency judgment obtained in the equity action.

APPEAL from the district court for Hamilton county. Heard below before SORNBORGER, J. Affirmed.

*J. H. Grosvenor*, for appellant.

*Hainer & Smith, contra.*

HOLCOMB, J.

In a proceeding in equity to foreclose a mortgage on real estate the appellant was made a party defendant and sought to be charged with any deficiency that might exist after the sale of the mortgaged property and application of the proceeds thereof to the mortgage debt, it being alleged that the appellant, as grantee of the mortgaged premises, and as part of the consideration, had assumed and agreed to pay the debt secured by the mortgage on the premises purchased. In the proceedings had in the case, the appellant appearing, on application of the plaintiff and after sale, a judgment was rendered in the dis-

-trict court against appellant for a deficiency remaining after the sale of the mortgaged property and the application of the proceeds to the mortgage debt in the sum of $336.61. On appeal to the supreme court the judgment thus rendered was affirmed. *Stover v. Tompkins*, 34 Nebr., 465. The judgment became dormant, and proceedings under the statute were instituted to revive it. Upon notice, appellant appeared and resisted the application for a revivor. All the questions presented by the objections to a revivor of the judgment, save one, were those litigated or necessarily involved in the prior proceedings, and as to all such questions they have become *res adjudicata* and can not again, in this proceeding, be inquired into. As defendant in that case, appellant must be held to have litigated every matter necessary to support any defense he then possessed against the demands of the plaintiff for a deficiency judgment against him. *Stark v. Starr*, 94 U. S., 485. The rule that in proceedings to revive a dormant judgment no objection can be urged or inquired into which goes behind the original judgment not directed to its validity appears to be sound in principle and well established by the prior decisions of this court, as well as in other jurisdictions. *Wright v. Sweet*, 10 Nebr., 190; *Enewold v. Olsen*, 39 Nebr., 59, 65; *Nestlerode v. Foster*, 8 Ohio Cir. Ct. Rep., 70; Van Fleet, Collateral Attack [1st ed.], sec. 580.

The contention that because the mortgagee purchased the mortgaged premises under the decree, and afterwards sold the same for enough to satisfy the decree in full with interest and costs, is a reason sufficient under equitable considerations why revivor should not be had, is not well taken. He might so purchase under the law, and when the sale was confirmed and the deed delivered, the property became his as any other, to do with as he desired, and whether afterwards sold for more or less than under the decree can not affect the rights of the parties in that proceeding.

The judgment must be

AFFIRMED.