McALLISTER *v.* THE SCHLEMMER & GRABER CO.

(Decided October 17, 1930.)

*Mr. C. W. Dorn,* for plaintiff in error.
*Mr. John E. Sponseller,* for defendant in error.

SHERICK, J. This is an action begun by James Schlemmer, as the successor and assignee of the Schlemmer & Graber Company, for the purpose of procuring a revivor of a judgment secured upon a note, by virtue of a warrant of attorney attached thereto, in favor of the company and against the plaintiff in error, Frank McAllister, on the 8th day of May, 1922, in the court of common pleas of Stark county, Ohio.

The petition of the assignee as filed in the original suit is in the usual form and the proceeding is brought under favor of Section 11647, General Code. Service of summons was thereafter made upon McAllister, the judgment debtor, who made answer thereto, in substance, that he generally denies the allegation of the plaintiff's petition, and further avers that service of summons was never made upon him in the action wherein judgment was entered against him, and that he had no knowledge or notice thereof until served with summons in this action, and that therefore said judgment is null and void.

On the same day the plaintiff in error, Frank McAllister, filed in the original action his petition to vacate the judgment against him. He therein alleges the matters pleaded in his answer filed to the

petition to revive the judgment, and in addition thereto he says that he has a good and just defense to the allegations contained in the petition, in that the claim upon which the judgment was rendered had been paid and fully discharged. He files this his petition as of right under Sections 11635 and 11631 of the General Code.

It is therefore apparent that the situation thereby developed is a most unusual one, in that the assignee of the judgment creditor files a petition to revive the judgment, and the judgment debtor in the same proceeding files a petition to vacate the judgment. Independent of each other it cannot be questioned that each would have a perfect right to maintain his separate respective proceeding as instituted. Both proceedings are well recognized in Ohio, and it could hardly be maintained that the actions are inconsistent with each other, or that the statutes conflict one with the other. Having no known precedent or like situation to guide us, and keeping in mind the well-recognized rules of statutory construction and rules of procedure, and the ultimate end sought to be accomplished in all litigation, we shall seek a solution of the question presented.

To the petition to vacate the judgment, the assignee of the judgment creditor files a motion to strike the petition to vacate from the record "for the reason that there is nothing contained therein which would bring to issue any proper question that has not already been put in issue in this cause," and that this petition "confuses the record, clouds the issues, and is inconsistent with the answer that the said defendant has filed in this cause."

The trial court sustained this motion and there-

upon the judgment debtor moved for leave to file an amended petition, which was tendered therewith, the only difference in the petition and the amended petition being that the word ''default'' is left out of the amended petition, and a further allegation is included asserting that he had no knowledge of the pendency of the action. This second motion was promptly overruled by the court.

It is now maintained that the court erred in its ruling on both motions, in that they both should have been otherwise decided.

It is advanced upon the one hand that the issue may be properly made by the answer of the judgment debtor to the petition of the judgment creditor to revive the judgment; while, upon the other hand, it is insisted that the issue cannot be so made by reason of the fact that the defense to the instrument placed in judgment existed at the time of the rendition of the judgment, and that the judgment had not been paid and fully discharged, as alleged, after the instrument had been placed in judgment; and to raise this issue would be to attack the judgment collaterally, which would not be permissible. The question is thereby presented: Can a prior existing defense to a judgment taken by confession upon a warrant of attorney attached to a promissory note be successfully pleaded as a defense in an answer in a proceeding to revive a judgment, after it has become dormant?

Under the practice of the common law, when for any cause or reason it became necessary to apply to a court for a revivor of the right to issue an execution on a judgment that had become dormant, the remedy of the judgment creditor was by *scire facias,*

which in this state is now superseded by the special proceeding provided in Section 11647, General Code.

In a discussion of the procedure under the common-law writ, it is said by Freeman on Judgments (5th Ed.), vol. 2, Section 1100: "With respect to the judgment itself the extent and character of the defenses which may be received are obviously the same as in actions at law upon judgments. Any defenses which might be made to such an action may generally be made to a scire facias, but no defense can be urged which existed before the judgment was entered, and might have been asserted in the original action, since this would violate the principles governing res judicata and collateral attack. In other words, it may be urged that the judgment is void," if it appears so of record, "but not that it is erroneous or irregular."

The same authority further goes on to say: "Matters which might justify the opening of the judgment or equitable relief from it are not available as defenses to scire facias to revive it. Hence fraud in the procurement of judgment is not a defense. * * * The defendant may plead *nul tiel* record, but not *nil debit,* since this would be a denial of the conclusiveness of the judgment." See *Bergen* v. *Williams,* 4 McLean, 125, 3 Fed. Cas., page 263, No. 1340.

And it is further said, in Freeman on Judgments: "It must be shown either that there is no judgment in contemplation of law, or that for some reason it has ceased to be operative. * * * Its revival may be successfully resisted by proving any matter occurring after such rendition, and making it improper to further enforce it, such as payment, release, accord and satisfaction."

This rule has been recognized in many authorities, among which may be noted *Bailey* v. *Great Western Oil Co.*, 32 N. M., 478, 259 P., 614, 55 A. L. R., 467; *First Nat. Bank* v. *Swink*, 129 N. C., 255, 39 S. E., 962; *Ludwick* v. *Fair*, 29 N. C., 422, 47 Am. Dec., 333; *Enewold* v. *Olsen*, 39 Neb., 59, 57 N. W., 765, 22 L. R. A., 573, 42 Am. St. Rep., 557; *Stover* v. *Stark*, 61 Neb., 374, 85 N. W., 286, 87 Am. St. Rep., 460; *Supplee* v. *Halfmann*, 161 Pa., 33, 28 A., 941; *Sharon* v. *Terry*, (C. C.), 36 F., 337, 1 L. R. A., 572; *U. S. Brewing Co.* v. *Epp*, 247 Ill. App., 315; *Smith* v. *Stevens*, 133 Ill., 183, 24 N. E., 511, and *Nelson* v. *Nelson*, 282 Mo., 412, 221 S. W., 1066. See, also, 15 Ruling Case Law, 835, Section 308, and Bates Pleading, vol. 1, page 634.

The rule has been recognized in this state in *Nestlerode* v. *Foster*, 8 C. C., 70, 4 C. D., 385. Therein it was held: ''In a proceeding to revive a dormant judgment where the record of the judgment shows that the court had jurisdiction of the person of the defendant, and of the subject-matter of the action, the defendant cannot go behind the record of the judgment and make a defense which existed anterior to the judgment.''

It has been rightly said that the common law has no force in this state, except in so far as it derives authority from judicial recognition in the practice and course of adjudication in our courts. But when natural justice requires, and reason prompts, the principles and rules of the common law are adopted in our theory of jurisprudence, when such do not conflict with statute and are adaptable to our circumstances. And we are drawn to the conclusion by the authorities, and the rule and reason of the com-

mon law, and its adaptability in this instance to our form of procedure, to the view that the position of the judgment debtor is right; that he is not entitled to assert the defense set forth in his petition to vacate under his answer to the petition to revive, for the reason that it would then be a collateral attack upon the judgment, but that it is just and proper under his conception of the law and the statutes providing ways and means for the protection of his right to appeal by petition after term to the court entering the judgment against him for its vacation.

To hold that Sections 11635 and 11631 are meaningless, when the judgment creditor or his assignee first begins an action to revive a dormant judgment, and which is the first knowledge that the debtor has of the pendency of the original action or the judgment afterwards entered therein, would be to say that there are no such statutes for the relief of an innocent unadvised judgment debtor in a situation like the one now contemplated.

These two sections of the statute are not in conflict with Section 11647, and each should receive full force and effect, and we hold the true rule of procedure would have been to have permitted the judgment debtor to file his amended petition to vacate the judgment, if such was necessary, and to have first proceeded to try and decide whether or not a ground to vacate existed, as indicated in *Watson* v. *Paine*, 25 Ohio St., 340. If it should then be determined that a ground to vacate did not exist, the court could proceed to hear the issue on the question of revivor, if that were longer necessary. If the court should determine that a ground to vacate did exist, it might then permit an answer to be filed by

the judgment creditor in the original action and the issue determined, if the assignee of the judgment creditor desired to contend further.

We believe that, following the procedure indicated, expression and recognition would be given to all three statutes, that no one would be deprived of his right to his day in court, that an unfair advantage would not be taken of the judgment debtor, and that justice would be meted out to both parties, and a premium not be placed on vigilance finally awakened after long procrastination.

It was suggested upon the hearing of this case that the same rules and principles might not apply in this instance in view of the fact that the judgment in this case was taken upon warrant of attorney and without notice to the judgment debtor. We can see no reason for any different application of the rule, for as stated in 15 Ruling Case Law, page 660: "A judgment entered on a warrant of attorney is as impervious to collateral attack as is a judgment obtained in open court, provided the court entering the judgment by confession had jurisdiction."

No difference in the rule is recognized in *Lysle* v. *Williams,* 15 Serg. & R., (Pa.), 135, or in *Dulsky* v. *Lerner,* 223 Ill. App., 228.

It is therefore the judgment of this court that a reversal is necessary, which is accordingly ordered, and the cause is remanded with instruction to the trial court to proceed further to a determination of the issues made in accordance with the rule of procedure as herein indicated.

*Judgment reversed and cause remanded.*

Lemert, P. J., concurs.
Houck, J., not participating.