THIRD NATIONAL BANK AND TRUST COMPANY, EXR., Plaintiff-Appellant, v SCHAEFER, EXRX., ET., Defendants-Appellees.

Ohio Appeals, Second District, Montgomery County.

No. 1932.   Decided April 10th, 1947.

Clifford R. Curtner, Dayton, for plaintiff-appellant.
Clarence J. Stoecklein, Dayton, for defendants-appellees.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment of the Common Pleas Court dismissing plaintiff's petition, after the sustaining of a general demurrer thereto, plaintiff electing to plead no further.

The suit is to enjoin the defendants from reviving a judgment taken in 1931 under warrant of attorney in a cognovit note against Paul M. Banker.   In brief, the amended petition is grounded upon the claim that the judgment which is sought to be revived is void because taken against Paul M. Banker, without personal service upon him, and solely upon the power granted in the cognovit note which was signed, "P. M. Banker." Plaintiff cites and relies, in part, upon Mansfield Savings Bank v H. C. Post, et al., 12 O. C. D., 577, 22 O. C. C. 644, affirmed by the Supreme Court without opinion.   54 Oh St 629.

We have carefully examined this opinion.   It includes two cases arising upon attachment proceedings which were

based upon two promissory notes, the second of which was signed by Geo. E. St. John, Wickham & Co. and H. C. Post. The court held that as to the attachment relating to this note the affidavit to support the attachment was erroneous and reversed the judgment. In this action a supplemental petition had been filed attacking the validity of the judgment on the note as against Halsey C. Post upon warrant of attorney in the note signed by H. C. Post only. The Common Pleas Court had held against the claim of the invalidity of this judgment from which order a cross-petition in error was filed. Upon the question presented the court said, page 651,

"This judgment that is complained of was rendered simply upon this cognovit note, and, it is supposed, by virtue of an alleged power to confess judgment embodied in the cognovit."

and page 653,

"Whether these allegations as to what individuals compose the firm, and as to H. C. Post being in fact Halsey C. Post, are true as a matter of fact or not does not matter. The warrant in the note did not allow the attorney to confess judgment against these individuals, except as they signed."

The fourth syllabus to the case, in part, is,

"Cognovit notes should be very strictly construed and under the warrant of attorney to confess judgment, a judgment can be rendered only against the persons designated."

And it is further held that the judgment against Halsey C. Post is unauthorized. The court relied upon **Spence v Emerine, 46 Oh St 433.**

It is thus apparent that the reversal of the court was grounded upon the material holding that the judgment upon which the attachment proceedings was instituted could not be supported because of the invalidity of the judgment taken on the cognovit note. The affirmance, then, by the Supreme Court has the full implication that the judgment under review, and the reason therefor which we have been discussing, were sound. This action by the Supreme Court is binding upon this Court and upon the one question, as to the validity of the judgment against Paul M. Banker, is controlling and, if there are no other determinative principles, would require a reversal of the judgment. However, if the sustaining of the demurrer may be

supported, even though the reason advanced by the trial judge therefor be not sound, the judgment must be affirmed here.

It is basic that equity will not intervene in any cause wherein there is a full, complete and adequate remedy at law. The petition avers that an action was instituted on August 26, 1946 and pending at the time the petition was filed, seeking a conditional order of revivor of judgment against plaintiff as executor of Paul M. Banker, deceased, and for a revivor of that judgment. It also appears that the claim of the invalidity of the judgment against Paul M. Banker is based upon the record of the proceedings wherein the cognovit judgment was taken and the void character of this judgment, if it be void, is found upon the face of the record and does not require extrinsic proof. In **McAllister v Schlemmer and Graber Co., 39 Oh Ap** 434, 177 N. E. 841, Judge Sherick writing the opinion, the court had under consideration a petition to vacate a judgment and a motion to strike the petition. In discussing the question presented, the opinion at page 438 cites with approval Freeman on Judgments (5th Ed.) Vol. 2, paragraph 1100,

" 'With respect to the judgment itself the extent and character of the defenses which may be received are obviously the same as in actions at law upon judgments. Any defenses which might be made to such an action may generally be made to a scire facias, but no defense can be urged which existed before the judgment was entered, and might have been asserted in the original action, since this would violate the principles governing res judicata and collateral attack. In other words, it may be urged that the judgment is void,' if it appears so of record, 'but not that it is erroneous or irregular.'

"And further 'It must be shown either that there is no judgment in contemplation of law, or that for some reason it has ceased to be operative.' "

In 15 R. C. L. it is said, page 569,

"As a general rule a judgment by confession is not reviewable either by appeal or writ of error, but courts of law exercise equitable supervision over judgments entered upon warrants of attorney, and will, upon motion, stay, modify or vacate them, and award issues for the trial of facts, as the end of justice may require. Where the objection arises upon the face of the record, this is the only remedy; but when it is founded upon facts not appearing by the record, and which must be

established by parole or other extrinsic evidence, then a suit in equity may be maintained."

Citing McIndoe v Hazelton, 19 Wis. 567, 88 Am. Dec. 701.

In **23 O. Jur., page 1103, McAllister v Schlemmer and Graber Co., supra,** is cited to support the proposition that in a proceeding to revive a dormant judgment it may be urged defensively that the judgment is void.

Plaintiff, having such defense available to him at law, precludes a court on the chancery side assuming jurisdiction to grant the relief sought in the injunction proceeding.

The judgment will be affirmed.

WISEMAN, PJ, and MILLER, J, concur.