### SCHAEFFER, Extrx, Plaintiff-Appellee, v BANKER, Defendant-Appellant.

Ohio Appeals, Second District, Montgomery County.

No. 1956.   Decided December 16, 1947.

C. J. Stoecklein, Dayton, for plaintiff-appellee.
Clifford R. Curtner, Dayton, for defendant-appellant.

## OPINION

By HORNBECK, J.:

The error assigned on this appeal is that "the court erred in sustaining motion of plaintiff-appellee to strike the answer of the defendant-appellant for the conditional order of revivor and rendering final judgment against defendant-appellant."

The facts essential to an appreciation of the question presented are that on December 7, 1931, plaintiff took cognovit judgment against the defendant. On August 26, 1946, a motion for conditional order of revivor was filed, conditional order entered and copy thereof served on the Third National Bank and Trust Company, as Executor of the estate of Paul M. Banker, deceased. The conditional order carried the usual provisions that:

"Unless sufficient cause be shown against said revivor within twenty (20) days after service of this order * * * the above judgment stand and be revived, etc."

Within the twenty day period succeeding the entry of the conditional order of revivor, defendant-appellant here instituted its action to enjoin the plaintiff from reviving the judgment. Notice of the institution of this suit for injunction was filed in the instant action in Common Pleas Court under date of September 6, 1946, within the twenty day period succeeding the conditional order of revivor. The injunction suit went to judgment after the sustaining of a general demurrer to the petition. Appeal was prosecuted to this court and the judgment affirmed upon the proposition that plaintiff's remedy was not in equity but at law. After the decision in the injunction suit, on April 28, 1947, plaintiff-appellant in the injunction suit filed an answer in the instant action, the theory of which is that the bank, as executor, by its suit for injunction and its notice thereof filed in the instant cause, had taken the necessary and essential steps to support an entry setting aside the conditional order of revivor. On July 18, 1947 motion of plaintiff to strike the answer of the bank was sustained, and it is from this order that the appeal is prosecuted.

The question presented is one of procedure and requires consideration of the subject matter that was before the court during the twenty days following the service of the conditional order of revivor and upon which the court was required to act in determining whether or not the conditional order should be set aside. At that time there was nothing filed in the instant action except the notice that the injunction suit had been instituted. The bank did not elect to set forth in the action for revivor of the judgment its petition in the injunction suit nor the subject matter thereof. And, if it could be considered as proper pleading, there was no prayer in the injunction suit for vacation of the conditional order of revivor. The sole relief sought in the latter suit was a permanent injunction which was instituted by a separate suit. The procedural step to be taken to set aside the conditional order of revivor would have been by pleading in that action. We do not believe that the court, upon its own motion, was required to consider the subject matter of the petition for injunction as a basis for the vacation of the conditional order of revivor. No action of the bank indicated any purpose or desire that it be so considered during the period when, if at all, it must have been asserted.

The language of §§11645, 11647 GC, clearly provides that the judgment stands revived upon the conditional order unless sufficient cause be shown why it should not remain revived. All the cases are to like effect: **Welsh v Childs et al., 17 Oh St 320**; Van Nover v Eshleman, 14 O. C. C. (N. S.) 348; Thompson v. Schnader, et al., 16 O. C. C. (N. S.) 582. In Van Nover v Eshleman, supra, it was held that the conditional order of revivor made on the 25th of January, 1908, would sustain an execution issued on January 27, 1908. And in **Eshleman v Van Nover, 89 Oh St 48**, the court said that "Upon the entry of the conditional order of revivor, the judgment is relieved of its dormancy and has all the attributes of a living judgment, subject only to the right of the judgment debtor to have the order set aside upon sufficient cause shown within the time fixed in the order served upon him."

When the temporary restraining order was issued, prohibitory in effect, the judgment had been revived. To vacate it, affirmative action showing cause must have been taken by the Bank. If appellant's contention here is accepted, it is in the anomalous situation of urging that the subject matter of the petition which was not good as against general demurrer and the action in which it was filed had been dismissed, could be by judicial notice employed as showing cause why the conditional order of revivor should be set aside in that separate action.

Another case of some interest upon the questions presented here and in the former appeal is that of Neracher, et al., v Geier, et al., 12 O. C. C. 259; and also **McAllister v The Schlemmer & Graber Company, 39 Oh Ap 434.**

We find no prejudicial error in the action taken by the trial judge in sustaining the motion to strike the answer.

The order will be affirmed.

WISEMAN, PJ, and MILLER, J, concur.

## APPLICATION FOR REHEARING

### Decided January 14, 1948.

By THE COURT:

Submitted on application of appellant for rehearing.

The application is predicated in part upon the quotation from our decision wherein it was stated that "There was no prayer in the injunction suit for vacation of the conditional order of revivor." This was an inexact statement, as the prayer of the petition in the injunction suit was to "set aside and hold for naught the conditional order." We regret this inadvertent error, but find that it was not a necessary premise

to the conclusion we reached. The subject matter of the opinion following the above quotation affords in our judgment, the essential support to the judgment of affirmance.

The application will be denied.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.