[Cite as *Thompson v. Bayer*, 2011-Ohio-5897.]

**[Nunc pro tunc opinion.  Please see original at 2011-Ohio-4212.]**

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| LEE A. THOMPSON | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2011-CA-00007 |
| SCOTT BAYER, DBA | : |  |
| BAYER PLUMBING & HEATING | : |  |
|  | : | O P I N I O N |
| Defendant-Appellant |  |  |

**NUNC PRO TUNC**

CHARACTER OF PROCEEDING:          Civil appeal from the Fairfield County Court
of Common Pleas, Case No. 96CV128

JUDGMENT:                                          Affirmed

DATE OF JUDGMENT ENTRY:           October 21, 2011

APPEARANCES:

For Plaintiff-Appellee                         For Defendant-Appellant

JAMES A. FIELDS                             RONALD B. NOGA
FIELDS & INNOCENTI                       1010 Old Henderson Road, Ste. 1
117 W. Main Street, Ste. 206             Columbus, OH 43220
Lancaster, OH 43130

*Hoffman, J.*

{¶1} Defendant-appellant Scott Bayer appeals a judgment of the Court of Common Pleas of Fairfield County, Ohio, overruling his motion for relief from judgment pursuant to Civ. R. 60 (B)(1) and (5). Plaintiff-appellee is Lee A. Thompson.

{¶2} Appellant assigns three errors to the trial court:

{¶3} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO FIND THE JUDGMENT WAS VOID AB INITIO FOR FAILURE OF SERVICE.

{¶4} "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO VACATE THE JUDGMENT UNDER RULE 60 (B),O.R.C.P.

{¶5} "III. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN FAILING TO VACATE THAT PORTION OF THE DEFAULT JUDGMENT PERTAINING TO PUNITIVE DAMAGES."

{¶6} The issue in this case is whether Appellant's motion to vacate was timely, contained a meritorious defense, and demonstrated he is entitled to relief under Civ. R. 60(B).

{¶7} The factual history of the case is unusual. Appellee brought suit against Appellant in 1996, alleging that while attempting to perform repairs on a pump at Appellee's well, Appellant negligently damaged the pump and well, causing damages of $6,689.95. Appellee also alleged Appellant had held himself out as qualified to repair submersible pumps, when he was not. Appellee asserted this constituted fraudulent conduct, and prayed for punitive damages and attorney fees.

{¶8}   Appellant failed to file an answer, and Appellee took a default judgment for $10,723.25 plus costs and interest, including compensatory damages, punitive damages, and attorney fees.

{¶9}   In 2000 and 2001, Appellee attempted to conduct judgment debtor's examinations to collect on the judgment.  Service of the notices was unsuccessful in three instances and inadequate in a fourth. Attempts to serve him with a show cause motion were unsuccessful.

{¶10}   In 2008, Appellee moved the court to revive the judgment against appellant, and the court issued a conditional order of revivor.  Appellant then moved the court for reconsideration of the judgment, and the court properly found the Ohio Rules of Civil Procedure do not provide for motions for reconsideration after final judgment. However, the court found it had jurisdiction over the motion for reconsideration because Appellee had failed to submit a final judgment entry for the court's signature.  The court sustained the motion for reconsideration and found Appellee's judgment could not be revived.

{¶11} The matter came before this Court in *Thompson v. Bayer, dba Bayer Plumbing & Heating,* Fairfield App. No. 08-CA-89.  We found Appellee's motion for revivor was timely under the statute and should have been considered by the trial court on the merits.  We reversed and remanded.

{¶12} On September 22, 2009, the trial court sustained Appellee's motion for revivor, and revived the judgment for $5,723.25 for compensatory damages, $5,000.00 for punitive damages, and interest at the stipulated rate.

**{¶13}** On September 17, 2010, Appellant moved the court to vacate the judgment, arguing the judgment was void ab initio for failure of service of process, and asserting he could raise meritorious defenses, including that he had performed the work in a workmanlike manner, and had not fraudulently held himself out as able to do the work. He also challenged the court's award of punitive damages and attorney fees, asserting the record did not demonstrate he behaved with actual malice.

**{¶14}** The trial court found the motion for relief from judgment was untimely, and overruled it.

I

**{¶15}** In his first assignment of error, Appellant argues the judgment is void ab initio for failure of service. The trial court rejected this argument, finding Appellant was properly served by ordinary mail at Appellant's advertised business address.

**{¶16}** Ohio law clearly provides that a judgment rendered without personal jurisdiction over a defendant is void ab initio rather than voidable. See *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 518 N.E.2d 941 and *CompuServe, Inc. v. Trionfo* (1993), 91 Ohio App.3d 157, 161, 631 N.E.2d 1120. Accordingly, a judgment rendered without proper service is a nullity and is void. *Lincoln Tavern, Inc. v. Snader* (1956), 165 Ohio St. 61, 64, 133 N.E.2d 606. The authority to vacate a void judgment is not derived from Civ. R. 60(B), "but rather constitutes an inherent power possessed by Ohio courts." *Patton,* supra*,* paragraph four of the syllabus. To be entitled to relief from a void judgment, a movant need not present a meritorious defense or show that the motion was timely filed under Civ. R. 60(B). Id.

**{¶17}** After filing suit in 1996, Appellee attempted to serve the original complaint by certified mail, but it was returned "unclaimed". Subsequently, Appellee sent the complaint by regular mail and it was not returned. The address Appellee used was 602 South Columbus Street, Lancaster, Ohio.

**{¶18}** At the hearing on Appellant's motion for relief from judgment, Appellant testified 602 South Columbus Street, Lancaster, Ohio, was a warehouse where he stored materials. Appellant testified he had ceased to use the warehouse as his mailing address because of repeated vandalism incidents. He had no secretary at the address, and phone calls were forwarded to his mother, so she could relay information to him. Appellant testified he maintained a post office box for his business mail.

**{¶19}** On cross, Appellant conceded he listed the warehouse address in the Yellow Pages in 1996. By 2008, however, Appellant had transferred the warehouse to his brother, who used the warehouse for a different business.

**{¶20}** In *Grant v. Ivy* (1980), 69 Ohio App. 2d 40, 429 N.E.2d 1188, the Court of Appeals for the Tenth District held:

**{¶21}** "1. While ordinary mail service following unsuccessful certified mail service is sufficient to vest jurisdiction in the court pursuant to Civ.R. 4.6(D) where the ordinary mail envelope is not returned indicating failure of delivery, the rebuttable presumption of proper service arising under such circumstances may be rebutted by evidence that defendant never resided nor received mail at the address to which such ordinary mail service was addressed.

**{¶22}** "2. Although Civ.R. 4.1 and 4.6 requires the clerk to send the ordinary or certified mail envelope addressed to defendant at the address set forth in the caption of

the complaint or set forth by special instructions given in writing to the clerk, plaintiff must use, in such caption or instructions, an address for defendant at which it could reasonably be expected he would receive mail addressed to him." Syllabi by the court.

**{¶23}** The plaintiff in a case bears the burden of achieving proper service on a defendant. *Cincinnati Ins. Co. v. Emge (1997),* 124 Ohio App.3d 61, 63, 705 N.E.2d 408. In those instances where the plaintiff follows the Ohio Civil Rules governing service of process, courts presume that service is proper unless the defendant rebuts this presumption with sufficient evidence of non- service. *Rafalski v. Oates* (1984), 17 Ohio App.3d 65, 66, 477 N.E.2d 1212. The defendant can rebut the presumption by producing evidentiary- quality information he or she did not receive service of process.

**{¶24}** A trial court is not always required to give preclusive effect to a movant's sworn statement that he did not receive service of process when the record contains no other indication that service was ineffectual. *TCC Management v. Clapp,* Franklin App. No. 05AP-42, 2005-Ohio-4357, citing *Oxley v. Zacks* (Sept. 29, 2000), Franklin App. No. 00AP-247. However, "[i]t is reversible error for a trial court to disregard unchallenged testimony that a person did not receive service." *Rafalski,* supra at 67. The trial court should conduct a hearing to determine the validity of the movant's statement. *Nationwide Ins. Co. v. Mahn* (1987), 36 Ohio App.3d 251, 522 N.E.2d 1096.

**{¶25}** It appears Ohio appellate courts are split on the issue of whether a court may weigh the credibility of a defendant's unrebutted evidence he did not receive service of process. *LaSalle Bank NA v. Tirado*, Delaware App. No. 2009-CA-22, 2009 - Ohio- 2589 at paragraphs 42-48. In *Miller v. Booth,* Fairfield App. No. 06-CA-10, 2006-Ohio-5679, we held:

**{¶26}** "***[W]e find that appellant has presented sufficient evidence rebutting the presumption of proper service. While the affidavits may be self-serving, without a hearing, the trial court could not appropriately assess the appellant's credibility or the persuasiveness of appellant's evidence and could not determine whether appellant was truthful in alleging that he did not receive proper service of process." Id. at paragraph 17 (Citations deleted).

**{¶27}** Here, it is apparent the court simply did not believe Appellant's testimony. A trial court's determination of whether service was completed will not be disturbed absent an abuse of discretion. *Ramirez v. Shagawat,* Cuyahoga App. No. 85148, 2005-Ohio-3159, citations deleted "An abuse of discretion connotes an unreasonable, arbitrary, or unconscionable attitude." *State ex rel. Grady v. State Employment Relations Board,* (1997), 78 Ohio St.3d 181, 183, 677 N.E.2d 343.

**{¶28}** However, Appellant testified he received no notice of the action until Appellee attempted to execute the judgment, and the record does not demonstrate the clerk of court ever served notice of the default judgment on Appellant. Appellant's motion for relief from judgment filed Sept. 17, 2010, included an allegation he had no knowledge of the judgment until 2008, but his focus in the trial court and before us is on the service of the complaint. We will address the issue of notice of the default judgment in II infra.

**{¶29}** This Court cannot reverse the trial court's determination Appellant received service of the complaint absent a finding the court abused its discretion. On the record, we cannot find the court abused its discretion in finding service was accomplished.

**{¶30}** The first assignment of error is overruled.

## II & III

**{¶31}** In his second assignment of error, Appellant argues the trial court erred in not vacating the judgment, finding the motion was untimely.  We disagree.

**{¶32}**  Civ. R. 60 provides:

**{¶33}** "(B) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc

**{¶34}** "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."

**{¶35}** In order to prevail on a Civ. R. 60 (B) motion for relief from judgment, the movant must establish that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the parties are entitled to relief under one of the grounds stated in

Civ. R. 60 (B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds for relief are Civ. R. 60 (B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was taken. *GTE Automatic Electric v. ARC Industries* (1976), 47 Ohio St. 2d 146, 351 N.E. 2d 133.

{¶36} Because he did not file an answer or otherwise appear, Appellant was not served with the default judgment entry. He testified he only became aware of the judgment in 2008. Appellee argues Appellant had notice of the judgment against him at least by 2000, when Appellee filed a motion for a debtor's examination.

{¶37} The record shows, after an unsuccessful attempt at service by certified mail, Appellee attempted "personal or residence" service. The record contains a return of service of summons showing service on "Chris Bayer by D. Maple", a person of suitable age and discretion residing at 602 South Columbus Street, Lancaster, Ohio on December 5, 2000. Appellant did not attend the examination. Appellee then moved for a show cause order, but service was unsuccessful.

{¶38} Appellant testified his brother's name is Chris, but the record does not contain any information regarding who D. Maple is. D. Maple could be the person who accepted the summons on behalf of Chris Bayer, or could be the deputy who served the summons, but Allison Gibson was the person who actually signed the return of summons. Appellant testified 602 South Columbus Street was a warehouse and no one resided there. Appellant testified the only document regarding the case his brother had given him was a letter regarding the judgment in 2008.

{¶39} Civ. R. 4.1 states personal service is accomplished when the process server locates the person to be served and tenders a copy of the process to be served,

along with the accompanying documents. The person serving the process shall then endorse the fact on the process and return it to the clerk of court. Residence service is accomplished by leaving a copy of the process at the usual place of residence of the person to be served with some person of suitable age and discretion then residing therein.

**{¶40}** The record does not show Appellant was personally served with the notice of the debtor's examination, does not show the person who served it was the person who endorsed the return, and does not show any attempt was made to locate Appellant's residence. We conclude the record does not show personal or residence service of the notice was accomplished in 2000, in compliance with the Civil Rules. The record does not affirmatively demonstrate Appellant knew of the judgment against him in 2000.

**{¶41}** In *Sun Finance & Loan Company v. Cavin* (June 29, 1978), Cuyahoga App. No. 37600, the Eighth District reviewed a situation similar to the one at bar. The bank took a default confessed judgment against Cavin in 1970, and unsuccessfully attempted to garnish Cavin's wages twice the same year. The court noted, although the judgment was entered on March 6, 1970, the record did not reflect that Cavin received notice of it until October of 1975, when the bank addressed the demand to his home address. The record did not bear out the bank's arguments that Cavin knew of the attempted garnishments. The court of appeals found Cavin was first informed of the judgment more than five years after the judgment was entered, by which time it had become dormant and unenforceable.

**{¶42}** Appellant admits he was aware of the judgment in 2008. Appellant defended against the revivor action and after an appeal to this Court, the trial court entered a judgment reviving the judgment on September 22, 2009. Appellant filed his motion for relief from judgment on Sept. 17, 2010, within one year.

**{¶43}** In finding the motion for relief from judgment was untimely, the court rejected Appellant's argument the motion was timely filed as of the date the judgment was revived, September 22, 2009. We find the trial court erred.

**{¶44}** In *Mansfield Truck Sales & Service, Inc. v. Fortney,* Ashland App. No. 2008-COA-040, 2009-Ohio-2686, this Court cited *Heselden Plumbing Co. v. Justice* (March 13, 1986), Franklin App. No. 85AP-733, wherein the Court of Appeals for the 10th Dist. explained a motion to revive a judgment can be defeated only if the judgment debtor shows the judgment has been paid or settled, or is barred by the statute of limitations. *Fortney,* supra at paragraph 6, citing *Heselden Plumbing* at 3, in turn citing *Van Nover v. Eshleman* (1911), 14 Ohio C.C. (N.S.) 38, and *Eshleman v. Van Nover* (1913), 89 Ohio St. 48.

**{¶45}** Similarly, in *Walsh v. Patitucci,* Cuyahoga App. No. 93717, 2009-Ohio-6829, the court of appeals noted a challenge to the validity of a judgment cannot be asserted in a revivor proceeding. Id. at paragraph 29 (Citations deleted). The correct procedure to raise the issue is with a motion to vacate. *Cavin,* supra at 2, citing *McAllister v. The Schlemmer & Graber Co.* (1930), 39 Ohio App. 434, 177 N.E. 841.

**{¶46}** We find the trial court erred in finding the motion for relief from judgment was untimely under the circumstances of this case. One could not reasonably expect Appellant to move for relief from a dormant judgment, which the trial court initially found

could not be revived. Only after we found the court should have revived the judgment could Appellant be expected to challenge the underlying judgment, and he could not do so in the revivor action itself. The only vehicles by which Appellant could attack the judgment was by a motion pursuant to Civ. R. 60, or alleging the judgment was void ab initio.

{¶47} Appellant brought his motion for relief from judgment pursuant to Civ. R. 60(B)(1) and (5). In overruling the motion, the court found Appellant had not established he was entitled to relief under subsection (1), mistake or excusable neglect. The court properly found "excusable neglect" involves some unexpected or unavoidable hindrance or accident. Judgment of December 23, 2010, p. 3. We agree with the trial court Appellant has not demonstrated that but for an unexpected or unavoidable event he would have appeared and defended in 1996.

{¶48} Appellant's motion for relief also cited Civ. R. 60(B)(5), which the trial court accurately described as "a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment*** to be used in the extraordinary and unusual case when the interest of justice warrants it". Id. at 4, citations deleted. The court found Appellant was not entitled to relief under subsection (5).

{¶49} We recognize Appellant raised various meritorious defenses in his motion. Particularly troublesome was the award of punitive damages and attorney fees.

{¶50} However, Civ. R.60(B) is not a substitute for an appeal. *Doe v. Trumbull County Childrens' Services Board* (1986), 28 Ohio St. 3d 128. Civ.R. 58(B) specifically excludes service of default judgment in accordance with Civ.R. 5(B) when the defendant

has not appeared. Having determined the trial court did not err in finding Appellant did not demonstrate excusable neglect for not answering the complaint [or otherwise appearing], we find no exception to the general rule is warranted in this case.

{¶51} Appellant's second and third assignments of error are overruled.

{¶52} The judgment of the trial court is affirmed.

By: Hoffman, J.,

Gwin, P.J. and

Wise, J., concur

s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ John W. Wise_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| LEE A. THOMPSON | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| SCOTT BAYER, DBA | : | **NUNC PRO TUNC** |
| BAYER PLUMBING & HEATING | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2011-CA-00007 |

For the reasons stated in our accompanying Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio is affirmed. Costs to Appellant.

s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ John W. Wise_____
HON. JOHN W. WISE