NATIONWIDE INSURANCE COMPANY, APPELLEE, ET AL., *v.* MAHN; DAVE, N.K.A. MOSSBURG, APPELLANT.

(No. 86AP-836 — Decided March 26, 1987.)

*Fahnenbruck & Eby, Clarke K. Fahnenbruck* and *James E. Eby,* for appellee.

*Fred J. Milligan, Jr.,* for appellant.

YOUNG, J. This case arises from a subrogation claim in connection with an automobile accident. Default judgment was entered in favor of Nationwide Insurance Company, appellee, against Michelle R. Dave Mossburg, appellant. Appellant filed a motion to vacate the judgment asserting that she neither resided nor received mail at the address where the summons was sent. The court evidently overruled appellant's motion but the decision was never journalized on the clerk's docket. Appellant next filed a motion for relief from judgment setting forth the facts concerning the irregularities in the entry of the decision. The court overruled appellant's motion for relief from judgment and this appeal followed.

Appellant asserts the following four assignments of error:

"1. The court erred in overruling defendant's motion to vacate default judgment, where based on the uncontradicted sworn affidavit of defendant, she did not reside at the address where ordinary mail service was sent and

never received service of the complaint.

"2. The court erred in overruling defendant's motion for relief from [the] judgment overruling her motion to vacate judgment, where the half sheet entry was never filed with the Clerk for journalization, the parties and their counsel were never notified by the court of the decision, and the entry gives the erroneous impression that it was made at an earlier date than it was in fact made.

"3. Since the trial court never obtained jurisdiction over the person of the defendant, the default judgment entered by the trial court was void.

"4. The proceedings in the trial court violated defendant's right to due process of law under the 14th Amendment to the United States Constitution."

A judgment or order is entered when it is filed with the clerk of the trial court for journalization. Civ. R. 58. In the facts before this court, the decision determining whether to sustain or overrule appellant's motion to vacate the default judgment was never journalized by the clerk. Therefore, there is no final appealable order before this court and the matter must necessarily be dismissed *sua sponte.*

However, in the interest of judicial economy and in the hope of avoiding another appeal, the following analysis of the assignments of error is offered.

Appellant asserts that she did not receive the summons or a copy of the complaint and that she had no knowledge that this action was filed against her.

In *Rafalski* v. *Oates* (1984), 17 Ohio App. 3d 65, 17 OBR 120, 477 N.E. 2d 1212, at paragraph one of the syllabus, the Eighth District Court of Appeals stated:

"Where a defendant seeking a motion to vacate pursuant to Civ. R. 60(B) makes an uncontradicted sworn statement that she never received service of the complaint, she is entitled to have the judgment against her vacated even if her opponent complied with Civ. R. 4.6 and had service made at an address where it could reasonably be anticipated that the defendant would receive it."

This court adopts the rationale of *Rafalski.* Upon review, the record indicates that service was improper. A certified letter, postmarked November 6, 1984, was marked return to sender "unclaimed." An envelope postmarked January 18, 1985, to the same address, bears a notation "1/19/85 Refused Mrs. Evelyn Dave after signing receipt alleges [']Michelle does not live at this address.[']" The evidence also includes a certificate for ordinary mail at the same address.

Attached to appellant's motion to vacate default judgment is appellant's uncontradicted sworn affidavit stating that she did not reside or receive mail at the address where the service of summons and complaint were sent. She attested to the fact that she never received service of the complaint against her. According to the rationale of *Rafalski,* it would appear that, at the least, appellant should be afforded the opportunity at an evidentiary hearing to contest the issue of notice.

Accordingly, since there is no final appealable order properly before this court, this matter is dismissed *sua sponte.*

*Cause dismissed.*

McCORMAC and BRYANT, JJ., concur.