**RITE RUG COMPANY, INC., Appellee,**

v.

**WILSON, d.b.a. Aqua Carpet Cleaning, Appellant, et al.**

[Cite as *Rite Rug Co., Inc. v. Wilson* (1995), 106 Ohio App.3d 59.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95APG01–70.

Decided Aug. 24, 1995.

*Strip, Fargo, Schulman & Hoppers* and *Nancy Novack,* for appellee.

*John H. Obora,* for appellant.

---

CLOSE, Judge.

This is an appeal from the Franklin County Municipal Court's denial of relief from a default judgment rendered against defendant-appellant, John E. Wilson. The trial court denied appellant's motion to vacate and upheld the default judgment. At issue here is whether the trial court had personal jurisdiction over appellant when it entered judgment by default. Determination of the court's jurisdiction, in turn, depends upon whether or not service of process was effectively made upon appellant.

The relevant facts are as follows. Plaintiff-appellee, Rite Rug Company, Inc., filed a complaint seeking payment from various individuals who were alleged to be doing business as "Aqua Carpet Cleaning." Named as defendants were appellant; his mother, Donna J. Wilson; Jim Hunt; and Sherry K. Hunt. Service of process was attempted on each of the four defendants at the Aqua Carpet Cleaning address. The summons and complaint were sent by certified mail. Defendant Jim Hunt signed the return receipts for each of the defendants, including appellant. None of the defendants filed an answer or otherwise appeared in the case, and appellee thereafter moved for a default judgment, which was granted on July 30, 1991.

Approximately three years after entry of the default judgment, appellant filed a motion to vacate the judgment. Appellant's motion alleged that the judgment was void *ab initio* because he never received service and that, as a result, the trial court never had jurisdiction to enter judgment against him. Appellant's motion sought, in the alternative, relief under Civ.R. 60(B)(5). As alleged in his motion, appellant first became aware of the lawsuit two years after entry of judgment when it appeared on his credit report. He assumed the matter was resolved because the judgment was removed from his credit report after he questioned the matter. When a subsequent title search revealed the fact that the judgment still existed, appellant filed this action to vacate it.

Appellee opposed the motion, alleging that service at the Aqua Carpet Cleaning address was "reasonably calculated" to give notice to appellant and was therefore proper. In so arguing, appellee relied upon invoices, which appellant signed "on behalf of" Aqua Carpet Cleaning. Appellee claims that, by signing these invoices, appellant acted as an agent for Aqua Carpet Cleaning. Appellee further alleges that appellant had a "connection" with the company sufficient for it to be reasonably anticipated that the service of process would be delivered to him.

The trial court agreed and denied appellant's motion to vacate the default judgment against him. Judgment as to the other defendants is not at issue here.

On appeal to this court, appellant raises the following three assignments of error:

"1. The trial court lacked jurisdiction over the Appellant at the time it entered a default judgment against him and, therefore, erred in overruling the Appellant's motion to vacate the default judgment.

"2. The trial court erred by failing to conduct an evidentiary hearing prior to overruling the Appellant's motion to vacate the default judgment previously entered against him.

"3. The trial court erred in denying the Appellant's motion for relief from judgment pursuant to Rule 60B of the Ohio Rules of Civil Procedure."

The assignments of error are related and will be treated together.

■■■ We note, initially, the axiomatic principle of law: A court lacks jurisdiction to enter judgment against a defendant where effective service of process has not been made upon the defendant and the defendant has not appeared in the case or otherwise waived service. *In re McAllister* (Feb. 16, 1995), Franklin App. No. 94APF07–1100, unreported, 1996 WL 361387; *Maryhew v. Yova* (1984), 11 Ohio St.3d 154, 156, 11 OBR 471, 472–473, 464 N.E.2d 538, 540–541. Appellant did not make an appearance or otherwise waive service. Thus, if service of process was improper, the judgment is void and may be set aside at any time pursuant to the court's inherent powers. *McAllister; State ex rel. Ballard v. O'Donnell* (1990), 50 Ohio St.3d 182, 183–184, 553 N.E.2d 650, 651–653.

■■■ Appellee claims the trial court properly denied appellant's motion to vacate because appellant did not seek relief within a "reasonable time" as required under Civ.R. 60(B). A motion to vacate judgment for want of personal jurisdiction, however, constitutes a direct attack upon the judgment and, as such, need not satisfy the requirements of Civ.R. 60(B). *Leroy Jenkins Evangelistic Assn., Inc. v. Equities Diversified, Inc.* (1989), 64 Ohio App.3d 82, 89, 580 N.E.2d 812, 817; *Patterson v. Patterson* (Mar. 1, 1994), Franklin App. No. 93AP–708, unreported, 1994 WL 64261. Although a motion to vacate a void judgment need not comply with Civ.R. 60(B), relief has been granted under Civ.R. 60(B)(5) for failure of service. *Rogers v. United Presidential Life Ins. Co.* (1987), 36 Ohio App.3d 126, 521 N.E.2d 845, and *Nationwide Ins. Co. v. Mahn* (1987), 36 Ohio App.3d 251, 522 N.E.2d 1096. Civ.R. 60(B)(5) relies upon the inherent power of the court to prevent the unfair application of a judgment. *Newark Orthopedics, Inc. v. Brock* (1994), 92 Ohio App.3d 117, 123, 634 N.E.2d 278, 282. Whether styled as a Civ.R. 60(B) motion or a motion to vacate, it is not necessary for

appellant's motion to set forth a meritorious defense, nor is it necessary for it to be timely filed. *Patterson, supra; Patton v. Diemer* (1988), 35 Ohio St.3d 68, 518 N.E.2d 941. Appellee's argument that appellant's motion was not filed within a "reasonable time" as required by Civ.R. 60(B) is without merit.

■ The sole issue, therefore, is whether or not effective service of process was made on appellant. Civ.R. 4.1(1), the rule governing certified mail service, specifies only *how* service is to be made. It does not address *where* or *to whom* process may be served. *Akron–Canton Regional Airport Auth. v. Swinehart* (1980), 62 Ohio St.2d 403, 404–405, 16 O.O.3d 436, 436–438, 406 N.E.2d 811, 812–813. Here, appellant was sued in his individual capacity and service was attempted at the business address of Aqua Carpet Cleaning. In *Swinehart,* the Ohio Supreme Court held that "certified mail service sent to a business address can comport with due process if the circumstances are such that successful notification could be reasonably anticipated." *Id.* at 406, 16 O.O.3d at 438, 406 N.E.2d at 814. The Supreme Court, however, warned of the "inherent risks" involved in attempting certified mail service at a business address rather than at a defendant's residence. Each case, therefore, must be examined "upon its particular facts." *Id.* at 407, 16 O.O.3d at 438, 406 N.E.2d at 814.

Sufficiency of certified mail service on a defendant at a business address, the particular problem at issue here, was recently addressed by the Montgomery County Court of Appeals in *Bell v. Midwestern Educational Serv., Inc.* (1993), 89 Ohio App.3d 193, 624 N.E.2d 196. While determination of the sufficiency of service of process is a matter subject to the sound discretion of the trial court, the *Bell* court held that this determination requires a factual finding regarding the "physical presence of the party being served at the business address." *Id.* at 202, 624 N.E.2d at 202. In particular, the court held:

" * * * The key principle is that in order to justify service on a defendant at a business address, the party being served must have such a habitual, continuous or highly continual and repeated physical presence at the business address that the party ordering the service of process would have reasonable grounds to calculate that the service would promptly reach the party being served. The business address should not simply be the address of the party's business, *it should be the address where the party himself has his own office, or at least where he is continually and regularly physically present most of the time.* * * *" (Emphasis added.) *Id.* at 202, 624 N.E.2d at 202.

In reaching this conclusion, the *Bell* court relied upon *Swinehart.* The Supreme Court determined, in *Swinehart,* that certified mail service at the place of business was not reasonably calculated to reach defendant because (1) defendant did not maintain an office on the premises of the business where service was attempted; (2) defendant's principal place of business was in another city; and

(3) defendant only sporadically visited the business where service was attempted, usually two to three times per month. Service of process was found to be insufficient despite the fact that defendant was a vice-president of the corporation where service was attempted and despite the fact that he was one-half owner of the property leased by the corporation.

On this basis, the *Bell* court further held that it is "not a question of ownership of either the premises or the company engaged in business at the premises. * * * Nor is the control and overall management of the company doing business at the address to which service is directed of any legal significance." *Id.* Rather, the relevant inquiry is whether defendant has such physical presence at the premises where service is attempted that it can reasonably be anticipated that the service will reach him.

From a review of the record, we conclude that the evidence is insufficient to find service of process was properly made upon appellant. Most notably, there is little, if any, evidence regarding the frequency or infrequency of appellant's physical presence at the premises where service was attempted. Appellant's affidavits indicate that he was an independent contractor who had no other affiliation with Aqua Carpet Cleaning. It is unclear, however, whether appellant was even working in that capacity at the time service was attempted. Additionally, appellant testified in his affidavit that he did not have an office at that address, nor did he receive mail there. In his affidavit, appellant denied ever receiving service of the summons and complaint.

Appellant claims that his sworn affidavit is uncontradicted and that, based upon this court's decisions in *Rogers* and *Mahn,* the default judgment should be vacated or an evidentiary hearing should be granted. This court has long held that, where a defendant files an uncontradicted sworn affidavit testifying that he never received service of process and that he did not receive mail at that address, the defendant is at least entitled to an evidentiary hearing. *Mahn.* This court has also held that, even if the other party has complied with the Civil Rules on service, it is an abuse of discretion for the trial court to overrule a motion to vacate when the party has clearly demonstrated, through unchallenged testimony, that he had not received service. *Rogers,* 36 Ohio App.3d at 129, 521 N.E.2d at 848; *Lin .v. Reid* (1983), 11 Ohio App.3d 232, 11 OBR 356, 464 N.E.2d 189.

Appellee, on the other hand, claims that it was reasonable to expect service of process to reach appellant given the totality of the circumstances. Service was attempted at the family business. Both of appellant's parents have an ownership interest in the company and, allegedly, appellant's father runs the business. Additionally, appellant personally signed invoices on behalf of Aqua Carpet Cleaning. According to appellee, the invoices were, in fact, contracts and appellant's signature bound Aqua Carpet Cleaning to the purchases.

■   Certified mail service does not require actual service upon the party receiving notice so long as the circumstances are such that successful notification could be reasonably anticipated. *Swinehart,* 62 Ohio St.2d at 405–406, 16 O.O.3d at 437–438, 406 N.E.2d at 813–814; *Castellano v. Kosydar* (1975), 42 Ohio St.2d 107, 110, 71 O.O.2d 77, 78–79, 326 N.E.2d 686, 688–689. What constitutes "reasonably calculated or anticipated" in this case is governed by *Swinehart.* We also find *Bell* persuasive.

The totality of the circumstances here, however, do not meet the requirements set forth in *Swinehart* and *Bell.* As discussed above, ownership is not a significant factor even if it were relevant. Appellee's argument, that the invoices constituted binding contracts, is not supported by the evidence and is not determinative of the issue at hand. While the invoices may constitute evidence relevant to appellant's connection with the business, they do not prove that appellant was physically present with such regularity that the service of process could reasonably be expected to reach him. Of the twelve invoices provided, appellant only signed two. Half of the invoices were unsigned, indicating that signatures were not necessary to form binding contracts. Furthermore, it is unclear how these "binding contracts" translate into any kind of physical presence on the premises which would justify service of process there. All of the invoices indicate that the purchases were charged and arguably paid for prior to receipt of the goods, and before any signature on the invoice. Most importantly, it appears that the goods were picked up at appellee's place of business. The evidence, therefore, does not demonstrate that appellant signed the invoices at Aqua Carpet Cleaning's address, the location where service of process was attempted.

While appellee's evidence (invoices) suggests some connection with Aqua Carpet Cleaning, it fails to sufficiently address the crucial issue of physical presence. Thus, the trial court abused its discretion in overruling appellant's motion to vacate judgment without first conducting an evidentiary hearing. An evidentiary hearing is necessary in order to determine what type of physical presence, if any, appellant had at Aqua Carpet Cleaning which would justify service of process at that address.

In line with our decisions in *Rogers* and *Mahn,* appellant is entitled to a hearing in order for the trial court to determine whether appellant received service of process in accordance with the standards outlined in *Swinehart* and *Bell.* Appellant's second assignment of error is, therefore, sustained. Given this court's disposition of the second assignment of error regarding the necessity of an evidentiary hearing, it is premature to consider the merits of appellant's first and third assignments of error regarding his motion to vacate and his motion for relief under Civ.R. 60(B).

Accordingly, appellant's second assignment of error is sustained, and appellant's first and third assignments of error are moot as they will be resolved on remand. The judgment of the trial court is reversed, and this case is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

DESHLER and HOLMES, JJ., concur.

ROBERT E. HOLMES, J., retired, of the Supreme Court of Ohio, sitting by assignment.