This accelerated appeal raises the issue whether the trial court erred in granting plaintiff-appellee Frank Paulys' motion for default judgment when the defendant-appellant Patrick Leahey had not received service of the notion for default judgment. In this case, appellee filed its motion for default judgment on March 11, 1998. The trial court scheduled a hearing on the default judgment on March 23, 1998. Leahey failed to appear at the hearing, and the trial court granted the default judgment against him.
In his motion to set aside the default judgment, Leahey alleged that he did not receive service of the motion for default judgment. In an affidavit attached to his motion, Leahey averred:
 I did not become aware that Frank Paulys of Columbus, Inc. was seeking a default judgment against me until March 30, 1998, when I received the Motion for Default in the mail. I received a copy of the default judgment which was entered against me in the case on April 2, 1998.
In opposition to Leahey's motion to set aside the judgment, Frank Pauleys argued that Leahey was aware of the action against him, that he intended to hide his whereabouts, and that he was being untruthful in claiming that he did not receive service of the motion for default judgment. They also pointed out that, since the motion for default judgment mailed to Leahey was not returned, it may be presumed that it was properly received.
However, Frank Paulys has produced no evidence to indicate that Leahey actually received service of the motion prior to the hearing. A party's uncontradicted affidavit that he or she never received service of process has been held to require that a default judgment be vacated. Scales v. West (Apr. 9, 1992), Cuyahoga App. No. 62477, 62621, unreported, citing Rafalski v.Oates (1984), 17 Ohio App.3d 65; Nationwide Ins. Co. v. Mahn
(1987), 36 Ohio App.3d 251, 252. Accordingly, the denial of the motion to set aside the default judgment is reversed. The default judgment is hereby vacated and this case is remanded to the trial court for further proceedings.
Judgment vacated and case remanded.
Judgment vacated and cause is remanded to the lower court for further proceedings consistent with this opinion.
Costs to be divided equally between appellees and appellants.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and
 MICHAEL J. CORRIGAN, J., CONCUR.
PATRICIA ANN BLACKMON JUDGE