DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, M. Diane Neiswinter, appeals from the judgment of the Summit County Court of Common Pleas that granted the motion to vacate the default judgment of Appellee, National Union Fire Insurance Company ("National Union").[1] We reverse and remand
 I {¶ 2} On December 1, 1998, Ms. Neiswinter was involved in an automobile accident with Willie Sanders, the tortfeasor. Thereafter, on January 31, 2001, Ms. Neiswinter filed a complaint against Nationwide Mutual Fire Insurance Company ("Nationwide"), asserting claims for bad faith, underinsured motorist ("UIM") coverage and medical payment coverage. Ms. Neiswinter later filed an amended complaint and added National Union and Lumbermans as defendants. Ms. Neiswinter moved for a default judgment against National Union, articulating that National Union failed to appear. On August 13, 2002, the trial court granted Ms. Neiswinter's motion for a default judgment. National Union moved for relief from judgment pursuant to Civ.R. 60(B), or, in the alternative, moved to vacate the default judgment. Subsequently, the trial court vacated the August 13, 2002 default judgment. Nationwide, Lumbermans, and National Union separately moved for summary judgment. The trial court granted the motions for summary judgment of Lumbermans and National Union, denied Nationwide's motion for summary judgment, and ordered Ms. Neiswinter's claims against Nationwide to proceed to trial. A jury trial followed. The jury returned a verdict against Nationwide. Following the jury verdict, Ms. Neiswinter timely appealed.
 II Assignment of Error
"The trial court erred in granting [national union's] motion to vacate the default judgment."
 {¶ 3} In this assignment of error, Ms. Neiswinter contends that the trial court abused its discretion when it granted National Union's motion to vacate the default judgment, as National Union failed to demonstrate "excusable neglect" or "that [it] timely filed [its] [m]otion to [v]acate." For the reasons that follow, we sustain this assignment of error.
 {¶ 4} Initially, we note that a trial court does not have jurisdiction to render a judgment against a defendant "where effective service of process has not been made upon the defendant and the defendant has not appeared in the case or otherwise waived service." Rite Rug Co., Inc. v. Wilson (1995),106 Ohio App.3d 59, 62, citing In re McAllister (Feb. 16, 1995), 10th Dist. No. 94APF07-1100 and Maryhew v. Yova (1984),11 Ohio St.3d 154, 156; Richardson v. Piscazzi (Apr. 28, 1999), 9th Dist. No. 19193. Accordingly, if service of process is defective, a subsequent default judgment entered is void and may be set aside pursuant to the trial court's inherent powers. State exrel. Ballard v. O'Donnell (1990), 50 Ohio St.3d 182, 183-184, citing Lincoln Tavern, Inc. v. Snader (1956), 165 Ohio St. 61,64; McAllister, supra; Gold Kist, Inc. v. Laurinburg Oil Co.,Inc. (C.A. 3, 1985), 756 F.2d 14, 19. Nevertheless, a defendant's challenge to jurisdiction based on improper service of process does not mandate a trial court to reflexively grant a motion to vacate the default judgment. Teresi v. Offenburger (Apr. 14, 1994), 8th Dist. No. 65108. Instead, the trial court must make its ruling on a case-by-case basis, "determin[ing] whether the service that is being challenged as improper service is really a good service." Id. When a challenge arises as to the propriety of service of process, the court is guided by the premise that service is proper where the civil rules on service are followed, unless sufficient evidence exists to rebut this principle. Grantv. Ivy (1980), 69 Ohio App.2d 40, 42.
 {¶ 5} Ms. Neiswinter claims that the trial court improperly granted National Union's motion to vacate the default judgment because National Union did not show excusable neglect or that it timely filed its motion in accordance with Civ.R. 60(B). However, a motion to vacate a default judgment for lack of personal jurisdiction constitutes a direct attack upon the judgment and need not satisfy the requirements of Civ.R. 60(B). Leroy JenkinsEvangelistic Assn., Inc. v. Equities Diversified, Inc. (1989),64 Ohio App.3d 82, 89; Patterson v. Patterson (Mar. 1, 1994), 10th Dist. No. 93AP-708; Fisher v. Fisher (Mar. 16, 1998), 5th Dist. No. 1997CA00215. Accordingly, Ms. Neiswinter's claim that Nation Union's motion did not comport with the requirements of Civ.R. 60(B) lacks merit. See Rite Rug Co., Inc.,106 Ohio App.3d at 63. Thus, the sole issue that we must determine is whether National Union received effective service of process. SeeRite Rug Co., Inc., 106 Ohio App.3d at 63.
 {¶ 6} R.C. 3927.03[2] governs service of process with respect to foreign insurance companies and, specifically, who may be served. This section provides, in relevant part:
"§ 3927.03 Statement of waiver by foreign companies.
"Any foreign insurance company desiring to transact business by an agent in this state shall file with the superintendent of insurance a signed and sealed written instrument that will:
"(A) Authorize any of its agents in this state to acknowledge service of process for the company;
"(B) Consent that service of process * * * upon any agent shall be as valid as if served upon the company according to the laws of this or any other state or country, and waive all claim of error by reason of such acknowledgement of service[.]"
 {¶ 7} In this case, Ms. Neiswinter procured service of process on National Union by serving Ronald Buzek ("Buzek"), who was "an independent agent * * * for National Union[.]" Additionally, Ms. Neiswinter notified the trial court of the applicability of R.C. 3927.03 to the issue of serving an agent of a foreign insurance company. In an attempt to demonstrate that Buzek was not authorized to accept service of process, National Union proffered the affidavit of Buzek, in which Buzek stated that he "was [not] the authorized statutory agent for purposes of service of process for National Union within the State of Ohio."
 {¶ 8} This Court finds that Buzek's mere statement that he "was [not] the authorized statutory agent for purposes of service of process" will not negate the statutory language, as R.C.3927.03 clearly indicates that he is such an agent for service of process. We do note that it is unfortunate that Buzek would represent to the trial court that he was not an agent for service of process. Consequently, as sufficient evidence does not exist to rebut the principle that service of process was proper, in accordance with the civil rules, we conclude that the trial court improperly granted National Union's motion to vacate the default judgment. See Grant, 69 Ohio App.2d at 42. Accordingly, Ms. Neiswinter's assignment of error is sustained.
 III {¶ 9} Ms. Neiswinter's assignment of error is sustained. The judgment in the Summit County Court of Common Pleas is reversed, and cause remanded for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
Whitmore, P.J., and Baird, J., concur.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellees.
Exceptions.
[1] This Court notes that Ms. Neiswinter also appealed from the judgment of the Summit County Court of Common Pleas that granted the motions for summary judgment of National Union and Lumbermans Mutual Casualty Company ("Lumbermans"). However, Ms. Neiswinter later moved this Court to dismiss her appeals regarding her claims against National Union and Lumbermans, as they related to the decision of the trial court granting summary judgment. This Court granted Ms. Neiswinter's motion. Accordingly, the only issue presently before this Court is the propriety of the trial court's decision regarding National Union's motion to vacate the default judgment. As such, this Court will solely review Ms. Neiswinter's assigned error relating to that decision.
[2] As the events relevant to the service of process occurred during the year of 2001, we refer to that version of the statute that was in effect at that time.