[Cite as *Shankle v. Egner*, 2012-Ohio-2027.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

JACQUELINE SHANKLE

     Plaintiff-Appellee

-vs-

MOLLY ELIZABETH EGNER

     Defendant-Appellant

JUDGES:
Hon. John W. Wise, P. J.
Hon. Julie A. Edwards, J.
Hon. Patricia A. Delaney, J.

Case Nos. 2011 CA 00121 and
2011 CA 00143

O P I N I O N

CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common Pleas, Case No. 2011 CV 00408

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     May 7, 2012

APPEARANCES:

For Plaintiff-Appellee

ALLEN SCHULMAN
SCHULMAN ZIMMERMAN  & ASSOC.
236 Third Street, SW
Canton, Ohio  44702

For Defendant-Appellant

ADAM E. CARR
THE CARR LAW OFFICE
5824 Akron-Cleveland Road, Suite A
Hudson, Ohio  44236

*Wise, P. J.*

**{¶1}** Defendant-appellant, Molly Egner, appeals from the April 29, 2011, and the June 23, 2011, Judgment Entries of the Stark County Court of Common Pleas.

<u>STATEMENT OF THE FACTS AND CASE</u>

**{¶2}** Appellant Molly Egner and appellee Jacqueline Shankle were involved in a motor vehicle accident on or about September 15, 2009. On February 3, 2011, appellee filed a personal injury complaint against appellant in the Stark County Court of Common Pleas, seeking compensatory damages in excess of $25,000.00.

**{¶3}** The summons and complaint, which had been sent to appellant via certified mail to appellant's address at the time of the accident, was returned on March 2, 2011. The endorsement from the United States Postal Service read as follows: "RETURN TO SENDER UNCLAIMED UNABLE TO FORWARD."

**{¶4}** On March 4, 2011, appellee's counsel filed a Praecipe for Alias Summons, asking that the complaint be served by regular U.S. Mail and requesting a certificate of mailing. The March 4, 2011, docket entry says, "Instructions for service summons and copies complaint sent to Molly Egner by ordinary mail." On March 7, 2011, the Clerk of Courts filed a certificate of mailing for an unspecified piece of mail to the same address as used previously. The certificate indicated that the type of mail was "Return Receipt for Merchandise." The court docket indicates that a certificate of mailing for service was filed by the clerk on March 7, 2011, evidencing that service was issued to appellant on March 4, 2011, by the clerk.

**{¶5}** Appellant, on March 11, 2011, called the office of appellee's counsel, indicated that she had received legal documents from the court in the mail, and asked to

speak to appellee's counsel. She was advised by the attorney's office manager to contact her insurance agent. On April 12, 2011, appellee filed a Motion for Default Judgment against appellant. As memorialized in a Judgment Entry filed on April 14, 2011, the motion was granted and a damages hearing was scheduled for April 29, 2011. Pursuant to a Judgment Entry filed on April 29, 2011, the trial court granted judgment in favor of appellee and against appellant in the amount of $120,000.00 plus interest.

{¶6} Thereafter, appellant, on May 31, 2011, filed a Motion to Vacate a Void Judgment; Motion for Relief from Judgment. Appellant, in her motion, alleged that the judgment was void for lack of effective service of process and that she was entitled to relief under Civ.R. 60(B)(1) and (5). Appellant alleged that liability was in dispute, that the damages claimed by appellee were excessive and not authorized by law and that she was not aware of the need to personally respond to the complaint and summons because she had liability insurance. Attached to appellant's motion was an affidavit in which appellant stated, in relevant part, as follows:

{¶7} "(4) At the time of the accident I was living at 2721 Blackfriars Drive, NW, Canton, Ohio 44708. I moved from that address in December 2010, approximately a week before Christmas. I have not lived at that address since.

{¶8} "(5) None of the mailings from this court was addressed to my current, correct address."

{¶9} On May 31, 2011, appellant also filed a Notice of Appeal from the trial court's April 29, 2011, Judgment Entry. The Notice of Appeal was assigned Case No. 2011CA00121.

{¶10} This Court, pursuant to a Judgment Entry filed in Case No. 2011CA00121 on June 21, 2011, remanded the matter to the trial court to rule on the pending motions. The trial court, via a Judgment Entry filed on June 23, 2011, denied appellant's Motion for Relief from Judgment. The trial court, in its Judgment Entry, found that appellant had been appropriately served and had full notice of the litigation. The trial court noted that appellant, after being served, had contacted the office of appellee's counsel to discuss the lawsuit and was told to contact her insurance carrier. The court further found that there was no excusable neglect or other reason for relief from judgment.

{¶11} Appellant appealed from the trial court's June 23, 2011, Judgment Entry. The Notice of Appeal was assigned Case No. 2011CA00143.

{¶12} The two cases were consolidated by this Court pursuant to an Order filed on July 14, 2011.

{¶13} Appellant now raises the following assignments of error on appeal:

ASSIGNMENTS OF ERROR

{¶14} "I. THE TRIAL COURT ERRED IN ENTERING A DEFAULT JUDGMENT AGAINST A DEFENDANT WHO HAD NOT BEEN SERVED WITH PROCESS.

{¶15} "II. THE TRIAL COURT ERRED IN ENTERING A DEFAULT JUDGMENT WITHOUT THE NOTICE REQUIRED BY CIVIL RULE 55(A).

{¶16} "III. THE TRIAL COURT ERRED IN ENTERING A DEFAULT JUDGMENT IN AN AMOUNT THAT EXCEEDED THE AMOUNT PRAYED FOR IN THE PLAINTIFF'S DEMAND FOR JUDGMENT.

{¶17} "IV. THE TRIAL COURT ERRED IN FAILING TO VACATE ITS OWN VOID JUDGMENT.

**{¶18}** "V. THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO GRANT RELIEF FROM THE JUDGMENT.

**{¶19}** "VI. THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING EXCESSIVE DAMAGES."

I.

**{¶20}** Appellant, in her First Assignment of Error, argues that the trial court erred in entering a default judgment against her because she had not been served with process.

**{¶21}** At issue in this case is whether or not appellant was properly served with the summons and complaint. Appellee maintains that appellant was properly served by ordinary mail after certified mail was returned unclaimed.

**{¶22}** Civ.R. 4.6(D) states as follows: "If a certified or express mail envelope is returned with an endorsement showing that the envelope was unclaimed, the clerk shall forthwith notify, by mail, the attorney of record or, if there is no attorney of record, the party at whose instance process was issued. If the attorney, or serving party, after notification by the clerk, files with the clerk a written request for ordinary mail service, the clerk shall send by ordinary mail a copy of the summons and complaint or other document to be served to the defendant at the address set forth in the caption, or at the address set forth in written instructions furnished to the clerk. The mailing shall be evidenced by a certificate of mailing which shall be completed and filed by the clerk. Answer day shall be twenty-eight days after the date of mailing as evidenced by the certificate of mailing. The clerk shall endorse this answer date upon the summons which is sent by ordinary mail. Service shall be deemed complete when the fact of mailing is

entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery. If the ordinary mail envelope is returned undelivered, the clerk shall forthwith notify the attorney, or serving party, by mail."

**{¶23}** If the ordinary mail envelope is not returned, there is a rebuttable presumption that proper service has been perfected. *Hamilton v. Digonno,* 12th Dist. No. CA2005-03-075, 2005-Ohio-6552, ¶ 10. This Court has held: "Courts will presume service to be proper in cases where the civil rules are followed unless the defendant rebuts the presumption by sufficient evidence." *State ex rel. Fairfield County CSEA v. Landis,* 5th Dist. No. 2002 CA 00014, 2002-Ohio-5432, ¶ 17 citing *Bank One Cincinnati, N.A. v. Wells,* 1st Dist. No. C-950279, 1996 WL 526702 (Sept. 18, 1996), citing *In re Estate of Popp*, 94 Ohio App.3d 640, 650, 641 N.E.2d 739, (8th Dist. 1994).

**{¶24}** Where service of process is not made in accordance with the Rules of Civil Procedure, the trial court lacks jurisdiction to consider the complaint, and any judgment on that complaint is void ab initio. *Rite Rug Co., Inc. v. Wilson*, 106 Ohio App.3d 59, 62, 665 N.E.2d 260, (10th Dist. 1998). If service is defective a subsequent default judgment is void. *State ex rel Ballard v. O'Donnell*, 50 Ohio St.3d 182, 553 N.E.2d 650 (1990).

**{¶25}** Appellee contends that because ordinary mail was sent to appellant and was never returned with an endorsement showing failure of delivery, the presumption is that ordinary mail service was obtained. Appellee further contends that appellant never denied receiving the summons and complaint and notes that appellant called the office

of appellee's counsel on March 11, 2011 and stated that she had received legal documents from the court in the mail.

**{¶26}** Upon review, we find, pursuant to Civ.R. 4.6(D), service by ordinary mail was completed as evidenced by the Clerk's docket entry on 3/7/11 which states "Certificate of Mailing for service issued 03-04-2011 to Molly Egner" following the 3/4/11 entry stating "Instructions for service summons and copies of complaint sent to Molly Egner by ordinary mail."

**{¶27}** Civ.R. 4.6(D) states, in pertinent part:

**{¶28}** "… If the attorney, or serving party, after notification by the clerk, files with the clerk a written request for ordinary mail service, the clerk shall send by ordinary mail a copy of the summons and complaint or other document to be served to the defendant at the address set forth in the caption, or at the address set forth in written instructions furnished to the clerk. The mailing shall be evidenced by a certificate of mailing which shall be completed and filed by the clerk. … Service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery."

**{¶29}** While we find that the document in this case purporting to be a "certificate of mailing" is not the usual type of document, we do not find such to be detrimental in this case as Civ.R. 4.6(D) provides that service is deemed complete "when the fact of mailing is entered of record," and as the trial court speaks only through its journal, "the fact of mailing is determined from the record, not through certificates and letters that are not journalized" and because "the fact of mailing was entered into the record, and the ordinary mail envelope was not returned to the court *** the presumption of completed

service attached." *Bowers v. Craven*, 9[th] Dist. No. 2442, 2009-Ohio-2222, citing *Talarek v. Miles* (July 23, 1997), 9[th] District No. 96CA006567.

**{¶30}** Further, we find that there is evidence in this case that appellant did in fact receive the summons and complaint as she telephoned the office of counsel for the appellee upon receipt of such.

**{¶31}** Based on the foregoing, we find that service of the summons and complaint were proper in this matter

**{¶32}** Appellant's First Assignment of Error is overruled.

**II.**

**{¶33}** In her Second Assignment of Error, appellant claims that the trial court erred in entering default without notice required by Civ.R. 55. We disagree.

**{¶34}** With respect to entry of default judgment, Civ.R. 55(A) provides, in pertinent part, as follows:

**{¶35}** "If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application."

**{¶36}** By its plain language, Civ.R. 55(A) prohibits a default judgment against a party who has "appeared in the action" unless that party receives written notice of the application for judgment at least seven days prior to the hearing on the application. *AMCA Internatl. Corp. v. Carlton,* 10 Ohio St.3d 88, 91 (1984). When the trial court fails to comply with Civ.R. 55(A), entry of default judgment is improper. Id.

{¶37} Applicability of the Civ.R. 55(A) notice requirement hinges on whether Egner appeared in this action, despite her failure to file an answer

{¶38} Here, appellant argues that her telephone call to appellee's counsel constituted an entry of appearance and an intention to defend the lawsuit. However, upon review, we find that appellant only asked appellee's counsel what she should do and was advised that she should contact her insurance carrier. There is no evidence that appellant made any indication during such telephone call that she intended to defend the lawsuit. We do not find that appellant entered an appearance requiring notice pursuant to Civ.R. 55

{¶39} Appellant's Second Assignment of Error is overruled.

### III., VI.

{¶40} In her Third and Sixth Assignments of Error, appellant claims that the trial court erred in awarding judgment in an amount that exceeded the amount prayed for in the demand for judgment.

{¶41} Here, appellee's prayer for relief sought an amount "in excess of Twenty-five thousand dollars in compensatory damages and, in addition, interest, costs, attorney fees and such other further relief to which Plaintiff may be entitled."

{¶42} Civ.R.54(C) states:

{¶43} "A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded the relief in the pleadings."

**{¶44}** Additionally, Civ.R. 8 requires:

**{¶45}** "(A) <u>Claims for relief</u>

**{¶46}** "A pleading that sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled. If the party seeks more than twenty-five thousand dollars, the party shall so state in the pleading but shall not specify in the demand for judgment the amount of recovery sought, unless the claim is based upon an instrument required to be attached pursuant to Civ.R. 10. At any time after the pleading is filed and served, any party from whom monetary recovery is sought may request in writing that the party seeking recovery provide the requesting party a written statement of the amount of recovery sought. Upon motion, the court shall require the party to respond to the request. Relief in the alternative or of several different types may be demanded."

**{¶47}** Further, courts are not limited to only grant the relief requested in a complaint. Civ.R. 54 authorizes courts to grant the relief to which a party is "entitled," regardless of whether the party has demanded the relief in the pleadings. See *Raimonde v. Van Vlerah* (1975), 42 Ohio St.2d 21. A prevailing party is entitled to the relief according to the proof adduced upon trial. *Id.*

**{¶48}** Upon review, we find that appellant's prayer complied with the mandates of Civ.R. 54(C) and Civ.R. 8 and that the judgment awarded by the trial court does not exceed the amount prayed for in appellees' demand for judgment.

**{¶49}** Appellant also argues that the award in this case was excessive "in the context of all the other facts of this case" claiming such award was the result of passion or prejudice.  However, appellant fails to advance this argument with any further explanation or support.

**{¶50}** We therefore find no abuse of discretion in the trial court's award of damages in this matter.

**{¶51}** Appellant's Third and Sixth Assignments of Error are overruled.

**IV**.

**{¶52}** In her Fourth Assignment of Error, appellant argues that the trial court erred in failing to vacate its own void judgment.

**{¶53}**  In this assignment or error, appellant again argues that the trial court's failure to give Appellant notice pursuant to Civ.R. 55 rendered the judgment herein void.

**{¶54}** Based on our disposition of Assignment of Error II, we find Appellant's argument not well-taken.

**{¶55}** Appellant's Fourth Assignment of Error is overruled.

**V.**

**{¶56}** In her Fifth Assignment of Error, appellant argues that the trial court abused its discretion in failing to grant her motion or relief for judgment.

**{¶57}** Civ.R. 60(B) provides:

**{¶58}** "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a

new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."

**{¶59}** In *GTE Automatic Electric v. ARC Industries* (1976), 47 Ohio St.2d 146, 150–151, 351 N.E.2d 113, the Ohio Supreme Court set forth the factors necessary to recover under Civ.R. 60(B). "[T]he movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."

**{¶60}** Where any one of the foregoing requirements is not satisfied, Civ.R. 60(B) relief is improper. *State ex rel. Richard v. Seidner,* 76 Ohio St.3d 149, 151, 1996-Ohio-54, 666 N.E.2d 1134.

**{¶61}** "A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77,

514 N.E.2d 1122. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.

**{¶62}** In the instant case, appellant based its Civ.R. 60(B) motion on "mistake, inadvertence, surprise or excusable neglect." Civ.R. 60(B)(1). In support, appellant argues that she has no legal training, that she did not know that she had to personally respond to the complaint because she had liability insurance and because she was not properly served.

**{¶63}** Initially, we note there is no bright-line test for excusable neglect. Such a decision must be made from the facts and circumstances of each case. The Supreme Court of Ohio has defined "excusable neglect" in the negative, stating "that the inaction of a defendant is not 'excusable neglect' if it can be labeled as a 'complete disregard for the judicial system.' " *Kay v. Marc Glassman, Inc.,* 76 Ohio St.3d 18, 20 (1996), quoting *GTE Automatic Elec., Inc.* at 153. The inquiry into whether a moving party's inaction constitutes excusable neglect must take into consideration all the individual facts and circumstances in each case. *Colley v. Bazell,* 64 Ohio St.2d 243, 249 (1980).

**{¶64}** Upon review, under the circumstances of the instant case, we find that Appellant's failure to file an answer did not constitute excusable neglect under Civ.R. 60(B)(1). Appellant acknowledged that she received the summons and complaint. The summons advised appellant that she was required to file an answer within twenty-eight days of service or suffer a default judgment for the relief demanded in the complaint.

**{¶65}** Further, appellant's legal inexperience does not equate to excusable neglect. This Court has previously held that failure to plead and/or seek legal advice after admittedly receiving complaint is not excusable neglect under Civ.R. 60(B)(1). *Roe v. Nicholas* (Apr. 26, 2001), Guernsey App. No. 00CA32. See, also, *Curry v. J. Bowers Constr., Inc.* (Feb. 28, 2001), Summit App. No. 20287 (lack of familiarity with judicial system as lay person is not a decisive factor in determining excusable neglect where circumstances should have alerted one to the need to act promptly); *General Motors Acceptance Corp. v. Fage* (Mar. 13, 1985), Summit App. No. 11805, unreported (Civ.R. 60[B][1] relief not available to defendant who failed to make any effort to respond to complaint, including failing to contact an attorney); *West Terrace, Inc. v. Davison* (Aug. 29, 1991), Cuyahoga App. No. 58713, unreported (inexperience with litigation matters and/or failure to understand consequences of complaint may not constitute excusable neglect under Civ.R. 60(B)(1) ); *Walton Constr. Co. v. Perry* (Oct. 25, 1996), Montgomery App. No. 15707, unreported (where summons clearly put defendant on notice that default judgment would be taken if no answer was filed with the court, failure to file answer deemed inexcusable within contemplation of Civ.R. 60 (B)(1) ); *Lebanon Auto Parts v. Dracakis* (Apr. 17, 2000), Warren App. No. CA99-09-110, unreported (courts should not use Civ.R. 60(B)(1) to relieve *pro se* litigants who are careless or unfamiliar with legal system).

**{¶66}** Applying the above law to the facts contained herein, we find the trial court properly considered all of the surrounding facts and circumstances, and did not abuse its discretion in determining that based on such facts and circumstance, appellant failed to establish that she is entitled to relief under one of the grounds stated in Civ.R.

60(B)(1) through (5). Whether appellant failed to understand that she needed to personally answer the complaint does not constitute mistake or excusable neglect.

**{¶67}** Appellant's Fifth Assignment of Error is overruled.

**{¶68}** For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

By: Wise, P. J.

Delaney, J., concurs.

Edwards, J., dissents.

_____

_____

_____

                                    JUDGES

JWW/d 0418

EDWARDS, J., DISSENTING OPINION

{¶69} I respectfully disagree with the majority's analysis and disposition of appellant's first assignment of error.

{¶70} At issue in this case is whether or not appellant was properly served with the summons and complaint. Appellee maintains that appellant was properly served by ordinary mail after certified mail was returned unclaimed.

{¶71} Civ.R. 4.6(D) states as follows: "If a certified or express mail envelope is returned with an endorsement showing that the envelope was unclaimed, the clerk shall forthwith notify, by mail, the attorney of record or, if there is no attorney of record, the party at whose instance process was issued. If the attorney, or serving party, after notification by the clerk, files with the clerk a written request for ordinary mail service, the clerk shall send by ordinary mail a copy of the summons and complaint or other document to be served to the defendant at the address set forth in the caption, or at the address set forth in written instructions furnished to the clerk. The mailing shall be evidenced by a certificate of mailing which shall be completed and filed by the clerk. Answer day shall be twenty-eight days after the date of mailing as evidenced by the certificate of mailing. The clerk shall endorse this answer date upon the summons which is sent by ordinary mail. Service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery. If the ordinary mail envelope is returned undelivered, the clerk shall forthwith notify the attorney, or serving party, by mail."

{¶72} If the ordinary mail envelope is not returned, there is a rebuttable presumption that proper service has been perfected. *Hamilton v. Digonno,* 12th Dist. No. CA 2005-03-075, 2005-Ohio-6552, ¶ 10. This Court has held: "Courts will presume service to be proper in cases where the civil rules are followed unless the defendant rebuts the presumption by sufficient evidence." *State ex rel. Fairfield County CSEA v. Landis,* 5th Dist. No. 2002 CA 00014, 2002-Ohio-5432, ¶ 17 citing *Bank One Cincinnati, N.A. v. Wells,* 1st Dist. No. C-950279, 1996 WL 526702 (Sept. 18, 1996), citing *In re Estate of Popp,* 94 Ohio App.3d 640, 650, 641 N.E.2d 739, (8th Dist. 1994).

{¶73} Where service of process is not made in accordance with the Rules of Civil Procedure, the trial court lacks jurisdiction to consider the complaint, and any judgment on that complaint is void ab initio. *Rite Rug Co., Inc. v. Wilson,* 106 Ohio App.3d 59, 62, 665 N.E.2d 260, (10th Dist. 1998). If service is defective a subsequent default judgment is void. *State ex rel Ballard v. O'Donnell,* 50 Ohio St.3d 182, 553 N.E.2d 650 (1990).

{¶74} Appellee contends that because ordinary mail was sent to appellant and was never returned with an endorsement showing failure of delivery, the presumption is that ordinary mail service was obtained. However, there is no document in the file indicating that ordinary mail service was ever sent to appellant. As is stated above, after certified mail came back "RETURN TO SENDER UNCLAIMED UNABLE TO FORWARD," appellee's counsel filed a Praecipe for Alias Summons, asking that the complaint be served by ordinary U.S. Mail and requesting a certificate of mailing. On March 4, 2011, the docket entry indicates the complaint was sent to Molly Egner by ordinary mail. On March 7, 2011, the Clerk of Courts filed a certificate of mailing for an

unspecified piece of mail to the same address as used previously. The certificate indicated that the mail was "Return Receipt for Merchandise." The court docket indicates that the certificate of mailing was for service issued on March 4, 2011, to appellant.  But, the actual certificate of mailing document, which underlies the docket entry, indicates the mail was "Return Receipt for Merchandise."

{¶75} Appellee further contends that appellant never denied receiving the summons and complaint and notes that appellant called the office of appellee's counsel on March 11, 2011 and stated that she had received legal documents from the court in the mail. However, as noted by the court in *Fay v. Blair*, 7th Dist. No. 00 CA 166, 2001 WL 1647281, "Finally, we disagree with appellees [sic] contention that actual notice renders insufficient service irrelevant. In *Jefferson Place Condo. Assn. v. Naples* (1998), 125 Ohio App.3d 394, 399, this court held that the trial court erred in finding that dismissal was unwarranted merely because the defendant received service and had actual notice. This court noted that the defendant had been served in contravention of the rules regarding residential and/or personal service as the process server left an unstamped envelope in her mailbox. *Id.* We concluded that the mere fact that summons was received is not decisive. *Id.,* citing *Hayes v. Kentucky Bank* (1932), 125 Ohio St. 359." Id at 2.

{¶76} The mailing in this case, if there was a mailing, was not evidenced by a certificate of mailing.  The actual certificate of mailing indicates the mail was 'Return Receipt for Merchandise."  The docket may indicate that the complaint was mailed and that a certificate is in the file evidencing such but the documents do not support that.  I would find that this is not service in compliance with the rule.  Because service on

appellant was not made in accordance with the Rules of Civil Procedure, I believe that the trial court lacked jurisdiction to consider the complaint, and the default judgment is void ab initio.

{¶77} On such basis, I would sustain appellant's first assignment of error and find the remaining assignments of error moot.


_____

Judge Julie A. Edwards

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

JACQUELINE SHANKLE                        :
                                          :
    Plaintiff-Appellee                    :
                                          :
-vs-                                      :          JUDGMENT ENTRY
                                          :
MOLLY ELIZABETH EGNER                     :
                                          :
Defendant-Appellant                       :          Case Nos. 2011 CA 00121 and
                                          :                          2011 CA 00143


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

Costs assessed to appellant.


                                        _____


                                        _____


                                        _____

                                                     JUDGES