[Cite as *Young v. Young*, 2012-Ohio-3480.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| DIANA YOUNG, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 11CA19 |
| | : | |
| vs. | : | **Released: July 24, 2012** |
| | : | |
| MORRIS K. YOUNG, | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| Defendant-Appellant. | : | |

APPEARANCES:

Morris K. Young, Marion, Ohio, Appellant, pro se.

Robert C. Anderson, Ironton, Ohio, for Appellee.

McFarland, J.:

{¶1} Appellant Morris K. Young appeals the decision of the Lawrence County Court of Common Pleas denying his motion for relief from judgment. Appellant argued the trial court should have vacated his divorce decree because 1) he was not served with the complaint; and, 2) his wife misled him into believing she had withdrawn the complaint for divorce. Having reviewed the record, we find the trial court's decision denying Appellant's motion was not an abuse of discretion and we affirm its judgment.

FACTS

{¶2} Appellant's wife Diana Young ("Young") filed a complaint for divorce on February 1, 1989, while Appellant was incarcerated in the Lawrence County Jail. A Lawrence County Sheriff's deputy personally served a copy of the complaint on Appellant the same day.

{¶3} On March 29, 1989, finding Appellant in default for failing to answer the complaint for divorce, the trial court entered its divorce decree. The decree awarded all marital assets to Young, including the marital debt. In exchange for Young having to pay the marital debts, the court awarded her the proceeds of Appellant's pension and his two life insurance policies.

{¶4} Appellant claims Young visited him in 1989 while he was incarcerated and told him she had "put a stop to the divorce." Appellant claims in 1995 he attempted to add Young to his list of approved visitors while he was still incarcerated, but prison staff informed him it was improper to list Young as his "wife" because they were divorced and instead Appellant had to list her as a "friend." Appellant claims this is the first he knew that Young was not his wife and she had not actually withdrawn her complaint for divorce.

{¶5} Despite the original divorce decree granting Young the proceeds of Appellant's pension, despite allegedly learning in 1995 that Young had indeed divorced him, and despite attempting to amend a qualified domestic relations order

that issued in July 2010 Appellant waited until April 22, 2011 to file a motion pursuant to Civ.R. 60(B), requesting the court vacate its judgment entry, presumably the divorce decree from 1989. Appellant's basis for his motion was Young had committed fraud and perjury by listing an inaccurate address for Appellant, fabricating a story to receive Appellant's pension, and a claim that Appellant had no knowledge of the complaint.

{¶6} The court set the matter for a hearing on May 25, 2011, and on May 26, 2011, the magistrate recommended the court deny Appellant's motion. Appellant did not file any objections to the magistrate's recommendation. The court then adopted the magistrate's decision and denied Appellant's motion on August 8, 2011. Appellant timely appealed the trial court's decision.

ASSIGNMENT OF ERROR

I. "TRIAL COURT IMPROPERLY DISMISSED RELIEF"

A. Standard of Review

{¶7} "Our standard of review regarding a trial court's Civ.R. 60(B) decision is well-settled: 'Absent an abuse of discretion, we will not disturb a trial court's decision to grant or deny a Civ.R. 60(B) motion.'" *PHH Mtge. Corp. v. Northup*, 4th Dist. No. 11CA6, 2011-Ohio-6814, at ¶ 11, quoting *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). "'The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is

unreasonable, arbitrary or unconscionable.'" (Citations omitted.) *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). "Under this highly deferential standard of review, we may not simply substitute our judgment for that of the trial court." *Woody v. Woody*, 4th Dist. No. 09CA34, 2010-Ohio-6049, at ¶ 35, citing *In re Jane Doe I*, 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181 (1991). "Rather, we are limited to determining whether considering the totality of the circumstances, the trial court acted unreasonably, arbitrarily or unconscionably." *Id*., citing *Briganti v. Briganti*, 9 Ohio St.3d 220, 222, 459 N.E.2d 896 (1984), citing *Blakemore*, 5 Ohio St.3d at 218-220.

## B. Legal Analysis

Civ.R. 60(B) provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied,

released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

To prevail on a Civ.R. 60(B) motion, the movant must demonstrate: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), at paragraph two of the syllabus.

{¶8} A defendant may raise the issue of insufficient service of process through a Civ.R. 60(B) motion, but he "need not establish either a meritorious defense or that the motion was timely under Civ.R. 60(B)." *CompuServe, Inc. v. Trionfo*, 91 Ohio App.3d 157, 161, 631 N.E.2d 1120 (10th Dist. 1993). This is so because "[w]here a plaintiff has not perfected service on a defendant, and the defendant has not appeared in the case or waived service, the court lacks jurisdiction to render a default judgment against the defendant." *Waterford Tower Condominium Assoc. v. Transamerica Real Estate Group*, 10th Dist. No. 05AP-

593, 2006-Ohio-508, at ¶ 17, citing *Rite Rug Co., Inc. v. Wilson*, 106 Ohio App.3d 59, 62, 665 N.E.2d 260 (10th Dist. 1995). Thus, where effective service is lacking, a default judgment is void, and the Court's "'authority to vacate a void judgment "is not derived from Civ.R. 60(B), but rather constitutes an inherent power possessed by Ohio courts."'" *Id.*, citing *Bowling v. Grange Mut. Cas. Co.,* 10th Dist. No. 05AP-51, 2005-Ohio-5924, at ¶ 27, citing *Neiswinter v. Nationwide Mut. Fire Ins. Co.*, 9th Dist. No. 21691, 2004-Ohio-3943, and quoting *Gupta v. Edgecombe,* 10th Dist. No. 03AP-807, 2004-Ohio-3227, at ¶ 12, quoting *CompuServe*, at 161.

{¶9} Here, the trial court did not abuse its discretion in denying Appellant's Civ.R. 60(B) motion. Appellant's contention that he did not receive notice of the complaint is meritless. To the extent Appellant contends Young prevented him from filing a timely answer by misleading him to believe she had withdrawn the complaint, that portion of Appellant's motion is untimely.

{¶10} First, the complaint accurately listed Appellant's address on February 1, 1989 as the Lawrence County Jail. This is the address at which a sheriff's deputy had personally served a copy of the complaint upon Appellant, as evidenced by the signed return of service.

{¶11} Second, although Appellant claimed he had no notice of the complaint, he admitted in his motion and in his affidavit of April 20, 2011 that he

actually received the complaint.  Consequently, Appellant's contention that he had no notice of the complaint is simply untrue.

{¶12} Regarding Appellant's argument that Young committed fraud by telling him she had withdrawn the complaint for divorce, Appellant's argument is untimely.  Assuming Appellant's representation of the facts is true, he knew in 1995 that the complaint for divorce had not been withdrawn and the divorce had proceeded to completion.  If Appellant is arguing fraud under Civ.R. 60(B)(3) or excusable neglect under Civ.R. 60(B)(1), he had to file his Civ.R. 60(B) motion within one year.  Instead, Appellant waited 16 years, rendering his motion untimely.  Even if Appellant's motion can be understood as invoking the catchall provision of Civ.R. 60(B)(5), which does not contain the one-year limitation period, we find filing a motion 16 years later is untimely.

{¶13} Accordingly, we find the trial court did not abuse its discretion when it denied Appellant's Civ.R. 60(B) motion and we affirm its judgment.

**JUDGMENT AFFIRMED**.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Harsha, J. and Kline, J.: Concur in Judgment and Opinion.

For the Court,

BY: _____
        Matthew W. McFarland, Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**